WILLIAM R. DIXON, Appellant, *vs.* JAMES H. MERRITT, *et als.*,
Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where a question of fact has been submitted to a Court or jury, and evidence touching the same has been received on the part of both *Plaintiff* and *Defendant*, the finding will not be disturbed on the ground that it is contrary to the weight of evidence, nor unless it is manifestly contrary to the evidence.

Among the findings of fact by the Court were, that B, for a valuable consideration, duly assigned and transferred to Defendants a certain note and mortgage. And that such assignment was executed as collateral security for a note and mortgage executed and delivered by Plaintiff to Defendants. *Held*, that these findings were not inconsistent with each other.

Where evidence has been received in the Court below without objection, it is too late to raise the question of its admissibility in this Court.

The facts are stated in the opinion of the Court.

Points and authorities of Appellant.

I.—The finding of the facts by the said Judge in his said decision is not justified by the evidence.

II.—The finding of facts in the said decision is inconsistent and contradictory.

III.—The evidence introduced by Defendants to prove that Bidwell assigned the note and mortgage of Agnew, to Defendants, as collateral security for Plaintiff's mortgage, to-wit: the instrument of assignment under seal, executed by said Bidwell, does not sustain that allegation in their answer, in that the said instrument is an absolute and unconditional sale and transfer of the note and mortgage to Defendants, for the sum of $1,080.

VI.—The Defendants cannot contradict the written evidence under seal, of their own transaction, without alleging accident, fraud or mistake, especially where, with a knowledge of all the facts of said transaction they have acted under the said written instrument according to its legal tenor, and enjoyed the rights flowing from it, according to its *prima facie*

import.    12 *Ala.*, 229;  12 *Smedes & Marshall's Miss.*, 608; 8 *Blackf.*, 237; 8 *Barb. Sup. Ct.*, 585; 16 *Barb.*, 439.

V.—The conclusions of law of said Judge in his said decision, are error against law.

VI.—The evidence establishes facts essentially and materially different from those found by the said Judge in the said decision.

VII.—Parol evidence is admissible for the purpose of proving that Plaintiff was the surety of Agnew in said transaction, and that Defendants had knowledge of such relation existing, notwithstanding the written instrument executed by Plaintiff.    21 *Pick.*, 195 *and* 197; 6 *Hammond*, 17; 9 *Metc.*, 511, 517; 4 *Humph.*, 292; 5 *Denio*, 509 ; 17 *Conn.*, 201; 9 *Miss.*, 125; 10 *Smedes & Marsh*, 527; 4 *N. H.*, 221;

VIII.—The evidence shows that Plaintiff occupied the relation of a surety merely, of Agnew, for the payment of his note to Bidwell, after its transfer with accompanying security, to Defendants.    He is therefore entitled *strictissimi juris* to all the rights and remedies incident to that relation.    1 *Gilman*, 581; 10 *Johns.*, 180; 2 *Penn.*, 27; 1 *Branch*, 327; 1 *La. Ann.*, 62.

IX.—It is averred by Plaintiff in his complaint (folio 11 and 12,) and admitted by Defendants in their answer (folio 19 and 20), and is agreed upon in the "case" (folio 31) that the four notes to Defendants were made by both Agnew and Plaintiff.    This fact taken in connection with the evidence proves Plaintiff to have been a surety for Agnew.

X.—The surety is entitled to all the rights, remedies and benefits, against his principal, to which the creditor or obligee is entitled, and to no more.    The surety, after payment of the debt of his principal, can collect of him the amount which the creditor or obligee could collect, and no more.

XI.—The obligation of the Plaintiff being collateral, he is legally bound for the sum actually collectable by process of Court, on the instrument, for the payment of which he binds himself as surety.

XII.—The facts found by the said Judge warrant the conclusion of law, that Plaintiff was merely the surety of Agnew for the payment of the note, which Defendants purchased

vol vi.—21

from Bidwell. *Theobald on Principal and Surety* 3, 114, 115; 3 *Kelly*, 239, 405; 13 *Smedes & Marsh*, 122.

XIII.—Defendants having purchased the note and mortgage subject to any decision of the Courts upon the right to collect the 5 per cent. per month interest after due, cannot, if the decision be against the right to collect the same, hold Plaintiff for what the law does not hold him. All that the Courts would have compelled Plaintiff to pay, was the principal, $600, with interest thereon at 2 1-2 per cent. per month till due, and 7 per cent. per annum thereafter, amounting to the total sum of $862, due at the date of the sale of the mortgaged premises of Agnew. The excess of money which Defendants paid for the note and mortgage over the legal rate of interest as settled by the decision of the Supreme Court, must be regarded as money paid under mistake of law, and cannot therefore be collected. 12 *Pick.*, 399; 3 *Kelly*, 162; 2 *Texas*, 501.

XIV.—Unless the transaction is considered a sale of the note and Mortgage to Defendants by Bidwell, they had no right to said note and mortgage. If the money borrowed from Defendants, as alleged, paid the debt to Bidwell, he could not assign the same, for there was nothing to assign— the debt was extinguished, and even if it was not, there was no consideration moving from any of the parties to the transaction, to Bidwell, sufficient to support an assignment of the said debt and security. 2 *McLean*, 451; 3 *ib.*, 587; 4 *Barr.*, 248; 9 *Miss.*, 280; 1 *Story's Eq. Jurisp.*, sec. 499 *b*, 499 *c*.

Points and Authorities of Respondent.

I.—The testimony shows that the Appellant's mortgage was given for $1100 borrowed of Respondents and received by Appellant, and that only $1000 has been paid, which was paid by the foreclosure of Bidwell's mortgage against Agnew and wife, leaving the mortgage still subsisting as a lien on the lands mortgaged.

II.—The Bidwell mortgage was assigned to Respondents by direction of Appellant for the purpose of payment so far as it would go, and whether it was called further security or col-

lateral can make no difference.  The Bidwell mortgage could not be collateral over $1000.

III.—There was no fraud or imposition practiced in procuring the mortgage.

Augustus R. Capehart, Counsel for Appellant.

Newell, Counsel for Respondents.

*By the Court*—Atwater, J.—This action was brought by the Plaintiff Dixon to cancel certain notes and a mortgage given to secure the same, to the Respondents.  The complaint alleges that in 1855, one Edward C. Agnew and Eliza his wife made and delivered to Ira Bidwell, a mortgage on certain premises in Dakota County, as security for the note of Agnew for $600, due in two years from date, with interest at two and a half per cent. per month.  That the first year's interest, ($180,) was paid on the same.  That on the 4th day of May, 1858, said Bidwell for a valuable consideration, duly assigned said mortgage to the Defendants, together with the note secured thereby.  That the Defendants foreclosed the same in due form by advertisement, and on the 22d day of August, 1859, bid in the premises for the sum of one thousand dollars.  That the amount actually due at the time of such sale was $862, and that the costs of such sale did not exceed thirty dollars.  That on said 4th day of May, 1858, the Plaintiff entered into a contract with Defendants, through their agent, David Merritt, but without any consideration, that he would mortgage certain land in Ramsey county, for the purpose of securing to the Defendants the payment of any deficit that might remain, after the foreclosure of the premises mortgaged by Agnew aforesaid.  That the Plaintiff being ignorant of the manner of writing out and expressing the aforesaid agreement, entrusted the preparation of the papers to said David Merritt, who procured a mortgage to be drawn, purporting in its terms that the Plaintiff had granted and sold the lands described therein, to Defendants, for the sum of $1100, and conditioned to be void upon payment of four promissory notes, amounting in the aggregate to said sum, said notes being signed by Plaintiff and said Agnew.

That said David Merritt, as the agent of the Defendants, wilfully, falsely, and fraudulently concealed the true nature of said mortgage, and represented to Plaintiff that the execution and signing the promissory notes, was nothing more than the proper, written and legal form of the agreement which he had made with said Merritt, and that trusting to the said Merritt, and believing said representatation to be true, he signed said notes, and executed said mortgage without reading, or having read to him the same, and without receiving any consideration therefor. That said mortgage was duly recorded on the day of the date of its execution and delivery, and remains unsatisfied and uncancelled of record, and is a cloud upon the title of plaintiff, and that the notes remain in defendants' possession.

The answer admits the execution, delivery and foreclosure of the Bidwell mortgage, but denies that the mortgage to defendants was given for the purpose mentioned and alleges that the mortgage was given to secure the sum of eleven hundred dollars loaned to Agnew at plaintiff's request, and that the mortgage to Bidwell was assigned by Bidwell to defendants at the request of Plaintiff and Agnew, as collateral security for the payment of the said $1,100 and without any consideration from defendants to Bidwell.

A jury trial was waived, and the cause was tried by the Court, who adjudged that the action be dismissed. A motion for a new trial was made and denied, from which order Plaintiff appealed.

The first objection urged by the Appellant, is that the finding of the Court upon the facts was contrary to evidence. A number of witnesses were examined on both sides, and the testimony was somewhat conflicting. Some of the witnesses for Plaintiff testified to facts, tending to prove that the mortgage of Plaintiff was given as collateral security only for that from Agnew to Bidwell; while some of the Defendant's witnesses swear positively the loan was made directly to Agnew, at Plaintiff's request. Without quoting the evidence at large, it may be stated it was peculiarly of that nature which renders a court or jury the appropriate tribunal to pass upon the same; and this Court cannot disturb the finding on the ground

that it is against the weight of evidence, nor unless it is plainly contrary to the evidence. From an examination of the evidence presented by the case, we cannot conclude that the finding of the Court, on the main facts in issue, is contrary to the evidence, or even against the weight of evidence. The Plaintiff charged that he had been induced to sign his mortgage, and the notes, through fraudulent representations of the agent of the Defendants. The charge in the complaint is informal, and not expressed with the fulness and certainty desirable in pleading a fact of that nature ; and it is very questionable whether the complaint upon demurrer could have been sustained. The Plaintiff avers he did not read the mortgage or hear it read, but does not state that he could not read, nor even that he did not know the contents of the mortgage ; and if he has been imposed upon at all, it would seem to be only the result of his own negligence, and of such negligence and carelessness as furnishes no strong ground of interference in his behalf by a Court of Equity. By the Plaintiff's own witness, it appears that Agnew received seventeen dollars from Defendants, and that Plaintiff was present when the money was paid to Agnew. The Court found the amount due or paid to Bidwell was $1,080, and this amount, with that paid Agnew, makes up nearly the $1,100 which goes to confirm the Defendant's statement as to the nature of the transaction.

Among the conclusions of fact found by the Judge were, " that on the 4th day of May, 1858, the said Bidwell, for a valuable consideration, duly transferred and assigned the said mortgage and note to the Defendants.

" That said Bidwell executed the assignment thereof hereinbefore referred to, to Defendants, as a further security to the Plaintiff's said mortgage, for the payment of the said four notes for $1,100."

These findings, it is claimed, are inconsistent and contradictory to each other. The first merely finds that the Bidwell mortgage was assigned to the Defendants, and the next, that it was assigned as a further security for the Plaintiff's mortgage. These findings are not inconsistent with each other, the one only stating the fact of the assignment, and the other

the object.   The Defendants introduced in evidence the assignment of the Bidwell mortgage to Defendants, being, upon its face, an absolute assignment of the mortgage ; and Plaintiff claims that the evidence was insufficient to sustain the allegations of the answer, that it was taken as collateral security.   But this was but a part of the testimony on that head, as Sanford swears that " the Bidwell mortgage was assigned as collateral security for the Plaintiff's mortgage." The weight to be given to this testimony, is a matter exclusively for the Court to determine.    The burden of proof rested on the Plaintiff to show that his mortgage was given for any other purpose than that which it purports on its face, and the fact that the assignment upon its face was absolute, would not tend to prove or disprove, of itself, the main issue in the case.

It is also claimed that the Defendants cannot contradict the written evidence, under seal, of their own transaction, without alleging accident, fraud, or mistake.   Whether the evidence that the Bidwell mortgage was taken by the Defendants, as collateral security for the Plaintiff's mortgage, could have been properly received or not, under the pleadings, had it been objected to, it is unnecessary to determine, since, so far as the case shows, the evidence was received without objection.    Where evidence has been received in the Court below without objection, it is too late to raise the question of its admissibility in this Court.

It is further contended by the plaintiff that unless the transaction is considered a sale of the Bidwell note and mortgage to Defendants, they had no right to the same ; that if the money borrowed from Defendants, as alleged, paid the debt to Bidwell, he could not assign the same, for there was nothing to assign.   But the legal title of the Agnew note and mortgage was in Bidwell, and even though his debt was paid, it was competent for him, with Agnew's consent, to assign the same to Defendants, as further security for their loan.   Nor can the question here be raised as to whether the Defendants were rightfully the holders of that note and mortgage, since there was no issue upon that point.   The complaint alleges that this note and mortgage, on May 4th, 1858, were duly as-

Dixon v. Merritt et als.

signed by Bidwell to Defendants; that the said assignment was duly recorded, and that the same had been duly foreclosed by Defendants. The main issue raised by the plead· ings is, whether this note and mortgage were held be Defendants, as collateral security for the Plaintiff's mortgage, or *vice versa*. The Plaintiff cannot now dispute the validity of the assignment of the mortgage from Bidwell to Defendants.

The Court has found, as matter of fact, that the Plaintiff executed the mortgage (from which he seeks to be relieved,) to secure the payment of the four promissory notes mentioned in the complaint; that said mortgage was executed by said Plaintiff freely and voluntarily, and without any inducement held out, or representation made, or deception used by the said Merritt or others, to secure the payment of the said notes for $1,100, and that said Bidwell executed the as· signment of the mortgage from Agnew to him, to the Defendants, as a further security to the Plaintiff's said mortgage, for $1,100, of the execution of which assignment Plaintiff and Agnew had knowledge. With the finding of the Court below upon these facts, as before stated, we see no ground of error, and the conclusions of law, therefrom, are correctly stated.

The order denying a new trial is affirmed.