J. H. POETT *v.* ABEL STEARNS, E. H. WORKMAN, WILLIAM WORKMAN, J. M. HELLMAN, PEDRO DOMEC, JOHN PARROTT, WILLIAM DODGE, WILLIAM E. DODGE, JR., JAMES STOCKS, A. G. P. STOCKS, D. W. JAMES, AND GEORGE H. HOWARD.

CONPLAINT IN ACTION TO FORECLOSE MORTGAGE.—In an action on a note, and to enforce the lien of a mortgage given to secure its payment, where other parties beside the mortgagor are made defendants on the ground that they have or claim an interest in the mortgaged property, a general allegation in the complaint that such parties have or claim to have some interest in the property is all that is required.

DEMURRER.—If the complaint shows that the plaintiff has a cause of action, and
that he is entitled to some relief, the question as to what kind or how much relief
shall be granted to him cannot be made on demurrer.

APPEAL from the District Court, First Judicial District, Los
Angeles County.

The complaint contained the usual allegations on a prom-
issory note, of which the following is a copy:

"SAN FRANCISCO, April 4, 1861.
"$15,000.

"Value received, I promise to pay to the order of J. H.
Poett, twelve months after date, fifteen thousand dollars, with
interest at the rate of one and one-fourth $(1\frac{1}{4})$ per cent per
month until paid.
"ABEL STEARNS."

"I agree to pay the above written sum of fifteen thousand
dollars in gold coin of the United States.
"ABEL STEARNS."

It then averred that on the 2d day of July, 1861, the
defendant Stearns, to secure the payment of the note, executed
to plaintiff a mortgage on certain property (describing it) in
Los Angeles. A copy of the mortgage was attached to the
complaint. The allegations concerning the mortgage were in
the usual form. The complaint also alleged that the parties
other than Stearns made defendants then had or claimed to
have some interest in or claim upon the mortgaged premises,
or some part thereof, as mortgagees, attaching creditors, or
otherwise, which interest and claims were all subsequent and
subject to the lien of plaintiff's mortgage.

The prayer was in the usual form in such cases, and for
judgment in gold coin, and for such other and further relief as
plaintiff might require and to the Court might seem proper.

The defendants, Stearns, Hellman, and Domec, demurred to
the complaint, because it did not state facts sufficient to con-
stitute a cause of action, and because there was a defect of
parties defendant. The Court sustained the demurrer on the

ground that the supplement to the note promising to pay in gold coin could not be enforced because it bore no date, and upon failure of the plaintiff to amend, gave judgment for defendants. Plaintiff appealed from the judgment.

*Robert F. Morrison,* and *S. M. Wilson,* for Appellant.

*Volney E. Howard,* and *Benjamin Hays,* for Respondents.

By the Court, SANDERSON, C. J.

In sustaining the demurrers to the complaint the Court below manifestly erred. The complaint does state facts sufficient to constitute a cause of action, and upon the face of the complaint there does not appear to be any defect of parties defendant. The facts stated as to those defendants who were made parties because they had, or claimed to have, some interest in the mortgaged premises, are sufficient. The plaintiff was not bound to set forth their interests. The general allegation that they had, or claimed to have, some interest, is all that is required on the part of the plaintiff. And the defendants, if they have any interest, and desire to defend the suit, must set it out. The question as to what kind or how much relief the plaintiff is entitled to recover, cannot be made on the demurrer. The complaint shows that he has a cause of action and is entitled to relief of some kind—which is a complete answer to the demurrer, upon the general ground that sufficient facts are not stated. The demurrers ought to have been overruled.

Judgment reversed and cause remanded for further proceedings.