## T. R. ANTHONY v. ABBY W. NYE.

WHEN A WIFE MAY BE MADE A DEFENDANT WITH HER HUSBAND.—The fact that a wife executes a mortgage with her husband, is a sufficient reason for making her a party defendant along with her husband in an action to foreclose the same, without any allegation as to her interest in the property mortgaged.

COMPLAINT IN MORTGAGE FORECLOSURE.—In an action to foreclose a mortgage, an allegation that a party who is made a co-defendant with the mortgagor, has or claims to have some interest in or claim upon the mortgaged premises, is sufficient without averring the character of the interest.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*M. G. Cobb*, for Appellant.

*H. B. Underhill*, for Respondent.

By the Court, SAWYER, J.:

This is an action to foreclose a mortgage executed by both defendants. There is a personal judgment against the husband, and judgment of foreclosure against both. The wife only appeals. The only error assigned in the record, is, that

the complaint does not show the character of the wife's interest, and therefore does not show that she is a proper party. It is alleged that the defendant, Abby W. Nye, has, or claims to have, some interest or claim upon said premises or some part thereof, which interest or claim is subject to the plaintiff's mortgage. She is a party to the mortgage. The fact that she executed the mortgage is a sufficient reason for making her a party. Besides, the allegation of her claim and interest is in the form universally adopted and long established. The plaintiff is not supposed to know the nature of every person's claim. It is enough that a claim is set up. It is the defendant's business, when thus called upon, to disclose its nature. There is no personal judgment against the wife. If she has no claim, she is in no way injured. If she has any, she has had an opportunity to present it. There is neither merit nor plausibility in the objection. We have looked through the record for some other ground of error, and have found none. Appellant has filed no points in pursuance of the rule. The appeal is manifestly frivolous.

Judgment is therefore affirmed, with three per cent damages and costs.