No. 1,864.

A. HIMMELMANN, APPELLANT, v. GEO. SPANAGEL, et al., RESPONDENTS.

ASSESSMENT FOR STREET IMPROVEMENTS.—INTEREST OF PARTIES.—In an action to recover an assessment for street improvements against the owners of the lot and certain persons who "have or claim to have" an interest or claim in or to the premises, the nature and extent of such interest or claim must be set up before they can be admitted to defend the action.

IDEM.—FINDING.—The finding of the Court, that the parties had or have an interest in the premises, cannot be sustained in the absence of any evidence in the transcript tending to prove that fact.

IDEM.—COUNTER CLAIM.—Damages for injury to the property against which the assessment was issued cannot be set up as a counter claim in an action to recover an assessment for the improvement of the street.

IDEM.—A MUNICIPAL TAX.—An assessment for the improvement of streets is a municipal tax, levied by the corporation upon the property adjacent to the street, to defray the expenses of the improvement, and no demand can be made a set-off against it unless expressly so authorized by statute.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*R. P. & Jabish Clement,* for Appellant.

This is the appeal of plaintiff from part of a judgment in a street assessment case, and from an order overruling his motion for a new trial.

One made a party by reason of claim or interest, and not as owner, must show his claim before he can be heard to defend upon the merits—must show that he has a claim which entitles him to be heard upon the merits. (*Poett* v. *Stearns,* 28 Cal. 226; *Anthony* v. *Nye,* 30 Cal. 401.)

The allegation concerning the claim of defendants is far from admitting their right to defend upon the merits. It is

(T.)

that "they have, or *claim* to have, some interest in or *claim upon* the premises;" and it is a part of the paragraph in which it is alleged that other parties are the *owners* of the premises.

The owner is not brought into relation with proceedings under the street law, *nor, therefore, with the contractor,* until the issuance of an assessment against him. (*Himmelmann* v. *Steiner,* October Term, 1868 ; *Nolan* v. *Reese,* 32 Cal. 484.)

The *transaction* upon which the suit is brought, and the only one to which it relates, is the execution of a valid assessment.

The counter claim interposed by defendants (who refused to show by their pleadings that their interest or claim was such as to be affected by the trespass complained of) is clearly without the terms of the statute, and proof of it was not admissible under the statute or upon any principle of law or reason.

*Jas. B. Townsend* and *E. A. Lawrence,* for Respondents.

In answer to appellant's objections, we submit the following propositions, viz:

The *action,* as brought, necessarily *assumes* defendants' *interest* in defending it, but plaintiff has, in his complaint, expressly *averred* that defendants, Spanagel and Townsend, "*have,* or claim to have, some *interest in* or *claim upon* said described premises."

This *averment* in said complaint is not denied by the answer of these defendants, but is expressly *excepted* from their general denial of the allegations of said complaint.

There was consequently no *issue* to be "found" by the Court as to the "interest" of these defendants in said premises.

The *damage* being done "in the *process of doing the grading* for which this action is brought," was "a cause of action *arising out of the transaction* set forth in the complaint as the foundation of the plaintiff's claim," and "*connected with the subject of the action,*" and, consequently, a legal "counter claim" under the provisions of our Practice Act. (Cal.

Practice Act, Sec. 47, Subd. 1; *Fabbricotti* v. *Launitz,* 3 Sandf. S. C. 745; *Brown* v. *Buckingham,* 21 How. Pr. 190.)

Said damage originating, *pari pasu,* with the doing of said work, was the proper subject of *recoupment.* (Cal. Practice Act, Sec. 48; *Fabbricotti* v. *Launitz,* 3 Sandf. S. C. 745; *Vassear* v. *Livingston,* 3 Kern, 252.)

The Court below committed no error in "overruling the objection of plaintiff to the proof offered by said defendants, and admitting said proof." This proof was to the effect "that George Dougherty *and said* plaintiff, in the process of doing the grading for which this action is brought," did the damage which defendants seek to *recoup* in this action.

RHODES, C. J., delivered the opinion of the Court:

This is an action to recover an assessment for grading a street. It is alleged in the complaint, that certain persons other than the alleged owners of the lot, "have, or claim to have, some interest in, or claim upon said described premises." The defendants, who are the respondents here, did not disclose or set up the nature or extent of their interest or claim, in or to the premises, nor did they adduce any proof on that point. It was held, in *Poett* v. *Stearns* (28 Cal. 226), and *Anthony* v. *Nye* (30 Cal. 401), that in complaints in actions to foreclose a mortgage, the general allegations that the defendants had, or claimed to have, some interest in the premises, was sufficient, and that the defendants, if they have any interest in the premises, must set it out, if they desire to defend the action. The reason of the rule is applicable to a case of the character of the one at bar. The defendants cannot rely on the pleadings as they now stand, as admitting that they have any interest in the premises.

The findings that the defendants, Spanagel and Townsend, had, or have, an interest in the premises, cannot be sustained, as there is no evidence in the transcript tending to prove that fact.

The inquiry into the nature of their interest, becomes

important only in its bearing upon the question, whether they are entitled to set up, by way of counter claim, the damages occasioned by the plaintiff and his assignors, by their· having deposited on the premises and an adjacent street a large quantity of earth, while they were employed in grading the street. They would not be entitled to recover damages for the alleged injury, unless they show some interest in the premises; and if they have no cause of action for such damages, they are not authorized, under the provisions of Section 47 of the Practice Act, to set up the damages by way of counter claim.

But, assuming that the defendants hold such an interest in the lots as would authorize them to recover the damages for the alleged injury to the lots, it does not necessarily follow that they are entitled to avail themselves of such damages by way of counter claim. The doctrine is well settled in this Court, in *Emery* v. *San Francisco Gas Co.* (28 Cal. 345); *Emery* v. *Bradford* (29 Cal. 75); *Nolan* v. ·*Reese* (32 Cal. 484), and *Himmelmann* v. *Steiner* (38 Cal. 175), that the owners of property adjacent to a street are not, in any sense, parties to the contract, for the improvement of a street, entered into by a contractor with the Superintendent of Streets. They are brought into relation with the proceeding for the first time, when the assessment is issued. The several steps in the proceedings before the Board of Supervisors, and in ·entering into and performing the contract, are averred in the complaint for the purpose of showing that they were regular and sufficient to .justify the issuing of the assessment; but the assessment is the "transaction" within the meaning of Section 47 of the Practice Act, out of which the cause of action must arise, which the defendants are authorized to set up as a counter claim. It is apparent that the alleged demand did not arise out of the assessment, nor, indeed, out of the proceedings upon which it is based, and, therefore, are not available as a counter claim.

The acts occasioning the damages complained of were mere naked trespasses, and would not be held to arise out of the contract, were the contract considered as the "transaction" upon, or in respect to, which the action was brought.

A further, and we think, a conclusive answer to the defendants' position, is, that the demand on which the action was brought, constitutes, according to the authority of the cases above cited, a tax—a municipal tax—levied by the corporation upon certain property, to defray the expenses of the improvement of a street adjacent to the property. The origin, obligatory force and whole nature of a tax, is such that it is impossible to conceive of a demand that might be set off against it, unless expressly so authorized by statute. No case has been cited, and probably none can be found, which authorizes a defendant, when sued for a municipal assessment or tax, to set up a counter claim.

Judgment reversed, and cause remanded for a new trial.