## RUST-OWEN LUMBER CO. v. FITCH *et al.*

1    In an action to enforce a contractor's lien under the mechanic's lien law of this state, an averment in the complaint as against persons made defendants, other than the owner of the premises sought to be charged with the lien, that they have, or claim to have, some interest in or lien upon the premises, which lien or interest, if any, accrued subsequently to the lien of the plaintiff, is sufficient, and, if such defendants have any interest in or lien upon the premises, they must set it out if they desire to defend the action.

2. An allegation in the complaint that the plaintiff began to furnish the lumber on the 2d day of November, 1889, and that all of said lumber and materials were furnished between that day and the 29th day of May, 1890,—at about which time the building was completed,—does by a fair construction allege that the last of said material was furnished on said May 29th.

3 An allegation in the complaint that the verified account required by the statute to be filed with the clerk of the court was so filed on June 23, 1890, taken in connection with the allegation that the last of said lumber and materials was furnished on May 29th sufficiently shows that the verified account was filed within the 90 days prescribed by the statute.

4. The omission to allege in the complaint the time when the building was commenced is cured by the allegation that the lien of the defendants accrued subsequently to the lien of the plaintiff. This allegation, if denied, presents an issue under which all evidence as to the time when the building was commenced, would be admissible.

5. Objections made to the exhibit annexed to the complaint cannot be considered on a demurrer to the complaint. KELLAM, P. J., dissenting.

(Syllabus by the Court. Opinion filed July 13, 1892.)

Appeal from circuit court, Hughes county. Hon. H. G. FULLER, Judge.

Action to enforce a contractor's lien for lumber and material furnished defendant A. H. Fitch by plaintiff under the mechanic's lien law of the state. Defendants Basil J. Templeton and the Pierre Savings Bank demurred to the complaint. Overruled. Defendants appeal from the order overruling the demurrer. Affirmed.

The facts are stated in the opinion.

*Albert Gunderson*, for appellants.

The lien depends on the affidavit and statement of account filed for record. Gross v. Strelitz, 54 Cal. 643; Hooper v. Flood, 54 Cal. 223; Knauft v. Miller, 47 N. W. 313. All statutory requirements must be complied with and statutory exceptions must be negatived. Lavin v. Bradley, 47 N. W. 384; Dye v. Forbes, 24 N. W. 309; Anderson v. Kundson, 22 N. W. 302; Knight v. Elliott, 22 Minn. 551; Colman v. Goodnow, 29 N. W. 338. In all cases except foreclosure of mortgages separate causes of action must be separately pleaded. Payton v. Rose, 41 Mo. 261; Hentsch v. Porter, 10 Cal. 558; Holand v. Jones, 9 Ind. 456.

*Horner & Stewart*, for respondent.

The lien attaches from the time of furnishing the materials. McCrea v. Craig, 23 Cal. 522; Soule v. Dawes, 7 Cal. 576; Barber v. Reynolds, 44 Cal. 520. There was one right of lien for all the materials furnished as they belong to the same account. Phil. Mech. Liens, §§ 229, 230, 325; Frankoviz v. Ireland, 26 N. W. 225; Secor v. Sturges, 16 N. Y. 548.

Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff. Poett v. Stearns, 28 Cal. 227; Hoes v. Bryer, 9 N. E. 427; Jones on Mort. § 1473; Anthony v. Nye, 30 Cal. 402; Brown v. Wood, 35 Ind. 268; Lewis v. Smith, 9 N. Y. 504; Druny v. Clark, 16 How. Pr. 424; Himmelmann v. Spanagel, 39 Cal. 389.

CORSON, J. This is an appeal by the defendants Basil J. Templeton, trustee, and the Pierre Savings Bank, from an order overruling the demurrer interposed by them to the plaintiff's complaint. The action is to enforce a contractor's lien for lumber and material furnished the principal defendant, A. H. Fitch, under the mechanic's lien law of this state. The learned counsel for the appellants contends that the complaint is insufficient for several reasons, and those relating to the complaint proper may be stated as follows: (1) Because it does not state a cause of action against the defendants Basil J. Templeton, trustee, and the Pierre Savings Bank; (2) because it does not state when all the lumber or materials for which the lien is claimed were furnished; (3) because it does not state that the account was filed with the county clerk within 90 days after all the materials were furnished; and (4) because it does not state when the building was commenced.

The averments in the complaint material to the first question presented are as follows: "* * * * And the plaintiff further states upon information and belief that the defendants the Pierre Savings Bank, a corporation, as aforesaid, and Basil J. Templeton, have, or claim to have, some interest in or lien upon said above-described premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the plaintiff." We are of the opinion that these allegations are sufficient as to these defendants. These defendants are made parties because

they claim some interest in or lien upon the premises, which the plaintiff alleges accrued subsequently to plaintiff's lien. It is not necessary for the plaintiff to set out more fully and in detail the claim of such defendants than is done in this complaint. Under this allegation the defendants, if they claim a superior lien, must set it out in their answer. This court has recently decided, in an action to foreclose a real estate mortgage, that this form of allegation is sufficient as against persons alleged to have, or who claim to have, a lien which, it is averred, accrued subsequently to plaintiff's lien. Carpenter v. Ingalls, 3 S. D. The supreme court of California has held, in an action to enforce a street assessment that the same rule applied. Himmelmann v. Spanagel, 39 Cal. 389. In that case, RHODES, C. J., delivering the opinion of the court says: "This is an action to recover an assessment for grading a street. It is alleged in the complaint that certain persons other than the alleged owners of the lot, 'have, or claim to have, some interest in or claim upon said described premises.' The defendants, who are the respondents here, did not disclose or set up the nature or extent of their interest or claim in or to the premises, nor did they adduce any proof on that point. It was held in Poett v. Stearns, 28 Cal. 226, and Anthony v. Nye, 30 Cal. 401, that in complaints in actions to foreclose a mortgage the general allegations that the defendants had, or claimed to have, some interest in the premises, was sufficient, and that the defendants, if they have any interest in the premises, must set it out, if they desire to defend the action. The reason of the rule is applicable to a case of the character of the one at bar." We are of the opinion that the same rule applies to cases under the mechanic's lien law of this state, and that the allegations as to the claim of the defendants Templeton and the Pierre Savings Bank are sufficient to require them to make answer and set out their lien or claim, if any they have.

2. The second point made against the complaint,—that it does not state when the materials were all furnished,—we think, is equally untenable. The allegation in the sixth paragraph of the complaint,—that the plaintiff begun to furnish the lumber on the 2d day of November, 1889, and that all of said lumber and ma-

terials were furnished between that day and the 29th day of May, 1890,—at about which time the building was completed,—does allege that the first of the material was furnished on November 2, 1889, and by a fair construction alleges that the last of said material was furnished on May 29, 1890. This construction of the allegation is supported by McCrea v. Craig, 23 Cal. 522. In that case the allegation was that the plaintiff furnished material for the construction of the building between April 6 and June 28, 1862. The court, CROCKER, J., in reference to this allegation, says: "The fair and reasonable construction of this averment of the complaint is that the plaintiff commenced furnishing the materials for the building on the 6th day of April, and continued furnishing from that date up to June 28th."

3. This construction of the allegation in the complaint substantially disposes of the third objection, as the complaint states that the account was filed on the 23d day of June, 1890, which was within less than 30 days after the lumber and materials were all furnished; while section 5476, Comp. Laws, requires "that a just and true account of the demand," etc., shall be filed within 90 days after all such material shall have been furnished. It is therefore clear from the averments in the complaint that the account was filed within the 90 days specified in the statute. Counsel for the defendants further contend that the time the building for which the lumber was furnished was commenced is not stated in the complaint, and that such an allegation is necessary. It is true this is not stated in terms in the complaint, but we are of the opinion that the allegation in the complaint that the lien of the defendants Templeton and the Pierre Savings Bank, if any, accrued subsequently to the lien of the plaintiff, is substantially an allegation that the building was commenced prior to the time the lien of the defendants accrued, and, if denied, will present an issue upon which evidence of the time the building was commenced can be given. We are of the opinion, therefore, that the complaint in this respect is sufficient. Counsel for the appellants has presented and argued a number of other objections, but they are all taken to the account filed,—a copy of which is annexed as an exhibit to the complaint,—and cannot be considered on the demurrer to the

complaint. C. Aultman & Co. v. Siglinger, 2 S. D. 442; Baker v. Berry, 37 Mo. 307. The order overruling the demurrer is therefore affirmed, and the cause remanded to the court below.

BENNETT, J., concurring.

KELLAM, P. J. I concur in the decision of this case, though not agreeing with the last suggestion,—that the exhibit is not a part of the complaint, and entitled to be considered on demurrer. I adhere to my views as expressed in C. Aultman & Co. v. Siglinger, 2 S. D. 442.