GEORGE CHARLES HOWARD v. IRON & LAND COMPANY OF
MINNESOTA, Limited, and Others.[1]

Oct. 30, 1895.

Nos. 9457—(75).

**Equitable Mortgage.**

The defendant the Iron & Land Company executed its bonds or debentures, which contained the following: "The company hereby charges with such payment [of the debentures] its undertaking all its property whatsoever and wheresoever both present and future." *Held* that, as between the parties, this created an equitable mortgage, which might be enforced.

**Same — Foreclosure — Sufficiency of Complaint — Junior Incumbrancers.**

In an action to foreclose certain parties were made defendants, the complaint alleging, in substance, that they claimed some interest in or lien upon the mortgaged premises, but that such interest or lien, if any, was junior and subsequent to the lien of plaintiff's mortgage. *Held*, that this was sufficient; that, if defendants had any interest, it was incumbent on them to set it up by answer. Also, that they could not, by demurrer to the complaint, raise the point that plaintiff's mortgage was on its face void as to creditors and subsequent incumbrancers; that that question could only be raised after they had answered, setting up their interest, and showing that they were such creditors or incumbrancers; that upon demurrer on the ground that the complaint did not state a cause of action, the only question which they could raise was whether the complaint showed a valid mortgage as between the parties.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., sustaining separate demurrers of certain defendants to the complaint. Reversed.

*Cash, Williams & Chester* and *Moran, Kraus & Mayer*, for appellant.

*J. L. Washburn, L. E. Judson*, and *W. D. Bailey*, for respondents.

MITCHELL, J. This action was brought to foreclose an alleged equitable mortgage on real estate, executed by the defendant the Iron & Land Company. The other defendants were made parties

[1] Reported in 64 N. W. 896.

as junior incumbrancers. The equitable mortgage is claimed to have been created by the execution of certain "mortgage debenture bonds," each of the tenor following:

"Debenture.

"(1) The Iron & Land Company of Minnesota, Limited, herein-after called 'The Company,' will, on the first day of May, 1899, pay to the bearer on presentation of this debenture the sum of £50. (2) The company will in the meantime and thereafter until the principal moneys and interest shall have been fully paid, pay interest thereon at the rate of seven per cent. per annum by equal half-yearly payments on every first day of November and first day of May in accordance with the coupons annexed hereto. (3) The company hereby charges with such payment its undertaking all its property whatsoever and wheresoever both present and future. (4) This debenture is issued subject to the conditions indorsed hereon.

"Conditions.

"(1) This debenture is one of a series of 2,000 debentures each for securing the principal sum of £50 issued or about to be issued by the company. The debentures of the said series are all to rank pari passu as a first charge upon the property hereby charged with-. out any preference or priority one over another, and such charge is to be a floating security, but so that the company is not to be at liberty to create any mortgage or charge in priority to the said debenture."

The allegation of the complaint as to the defendants other than the mortgagees is, in substance, the usual one that they claim some interest in or lien upon the mortgaged premises, but that such interest or lien, if any, is subject and junior to the lien of plaintiff's mortgage. As to the defendant Albert Scheffer, it is further alleged that he claims his interest or lien by virtue of a judgment rendered in his favor against the Iron & Land Company upon its "second mortgage debenture bonds," which on their face recited the issue of plaintiff's "first mortgage debenture bonds," and that the lien created by the "second mortgage debenture bonds" should be subject and inferior to the lien created by the "first mortgage de-

benture bonds," of which fact Scheffer had notice before he obtained his pretended judgment. The complaint further alleges that this judgment was rendered without any due or legal service upon the Iron & Land Company, and that the company never appeared in the action, or in any manner submitted itself to the jurisdiction of the court; which, if true, would render the judgment void for want of jurisdiction of the person of the defendant. To this complaint several defendants, other than the mortgagor company, interposed demurrers. The only ground of demurrer necessary to be considered is that the complaint does not state facts sufficient to constitute a cause of action.

The contentions of the defendants are: (1) That these debenture bonds do not create any lien upon the property of the company, or constitute an equitable mortgage; (2) that, even if they did constitute such a mortgage, as between the parties, it is void as to them, as creditors of the mortgagor.

We have not received from counsel the aid which we might have reasonably expected in view of the apparent magnitude of the interests involved, but, after mature reflection, we have come to the conclusion that the second question cannot be raised by demurrer to the complaint. The complaint does not allege that the defendants have any lien upon or interest in the premises, but merely that they claim to have, and that, if they have, it is junior and subject to plaintiff's lien. This general mode of statement in foreclosure suits was long ago introduced into the chancery practice by rule of court in New York, as it is said, by Chancellor Walworth, and is now universally adopted and followed, and is held to be still sufficient under the reformed or code procedure. It is in the nature of a challenge to the defendants to disclose what their interest, if any, is. If they have any interest, and wish to defend the suit, they must, by answer, set it up. Drury v. Clark, 16 How. Prac. 424; Frost v. Koon, 30 N. Y. 428–448; Poett v. Stearns, 28 Cal. 226; Anthony v. Nye, 30 Cal. 401. It follows that, if the complaint states a good cause of action against the mortgagor,—that is, states facts that show that there was an equitable mortgage, valid as against the mortgagor,—it is not demurrable. The question whether such mortgage is void as to creditors can only be raised after the defendants have answered, setting up their interest in or lien upon the

premises. Unless they have such interest or lien, they are not in position to raise the question.

It is true that the complaint sets out the nature of Scheffer's claim, but it also alleges, in effect, that he has no lien at all, because his pretended judgment is void for want of jurisdiction of the defendant. Therefore, in our judgment, the only question open to the defendants on their demurrers is the first one, viz. whether the contract contained in the "mortgage debenture bonds" created, as between the parties, a valid equitable mortgage upon the property of the Iron & Land Company. In our opinion, it did. Every express agreement in writing, whereby the party clearly indicates an intention to make some particular property therein described a security for a debt, creates an equitable lien upon the property, which is enforceable. The form of the writing is not important, provided it sufficiently appears that it was thereby intended to create a security. If that intention appears, it will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged. Pomeroy, Eq. Jur. §§ 1235, 1236; Payne v. Wilson, 74 N. Y. 348; Daggett v. Rankin, 31 Cal. 321; White Water V. C. Co. v. Vallette, 21 How. 414. The language "hereby charges with such payment all its property whatsoever and wheresoever, both present and future," clearly expresses a present purpose to pledge all the company's property for the payment of the debentures, and also the intention to effect that purpose by the writing itself. That was sufficient. In order to create a valid lien, at least as between the parties, it was not necessary particularly and specifically to describe the property. From the nature of the mortgage, that was impossible. The description, "all its property whatsoever and wheresoever both present and future," sufficiently describes and identifies the property intended to be mortgaged. Wilson v. Boyce, 92 U. S. 320. There is nothing in Gardner v. McClure, 6 Minn. 167 (250), inconsistent with the views above expressed. In that case the writing accompanying the deposit of the title deeds merely stated the purpose for which they were deposited, and contained no language purporting to create any interest in the land, or of any intention to do so except by deposit of the deeds.

The Iron & Land Company is an English company, and these debentures were evidently intended to be issued under the provi-

sions of their "Companies' Clauses Act" of 1863, which regulates the creation of debenture stock or bonds in companies, and makes it a prior charge on the undertaking. The evident purpose as well as effect of the provisions of these debentures is to create a charge in the nature of a floating mortgage, as security for their payment, upon all the property of the company, present or future, but which would in the meantime leave the company at liberty to sell and dispose of any of it in the course of its business, free from the incumbrance of the mortgage, without being required to apply the proceeds to the payment of the mortgage debt. As we have no such statute, it is quite evident that such a form of security is in many respects wholly unsuited to this state, and that very serious questions will arise as to its validity or effect as against creditors and subsequent purchasers. But no such questions are presented by these demurrers. The order sustaining the demurrers is therefore reversed.