[No. 14472. In Bank. — March 11, 1892.]

PHILIP SICHLER, RESPONDENT, v. P. H. LOOK ET AL., DEFENDANTS. D. A. ARRASMITH, APPELLANT.

APPEAL FROM JUDGMENT — PRESUMPTIONS — VERITY OF RECORD — JURISDICTIONAL FACTS. — The presumption of verity which attaches to the record of a domestic judgment is the same upon a direct appeal therefrom as exists upon a collateral attack, the only difference being, that upon a direct appeal there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the person of the appellant, and it is essential for the party seeking to sustain the judgment to show by the record itself that the court had jurisdiction of the adverse party, whereas in a collateral attack the entry of the judgment is itself conclusive of such jurisdiction; but in all matters of which the judgment contains a record, its verity, in the absence of any contradictory evidence, will be presumed upon appeal as fully as upon a collateral attack.

ID. — RECITAL OF JURISDICTIONAL FACTS — SUPPORT IN RECORD — PRESUMPTION — CONDITION OF FACTS. — Although upon a direct appeal from a judgment the jurisdiction of the court is not established by its mere assertion in the judgment that it had acquired jurisdiction, yet if such recital finds support in other portions of the record, which under any condition of facts could exist, it will be presumed, in the absence of any contradictory showing, that such condition of facts existed.

ID. — PROOF OF SERVICE OF SUMMONS — AFFIDAVIT OF PUBLICATION — DEPOSIT IN POST-OFFICE — PRESUMPTION AS TO ORDER AND PRELIMINARY AFFIDAVIT. — Upon a direct appeal from a judgment, where the judgment recites that the defendant had been "duly and regularly summoned," and the record contains an affidavit of publication of the summons, and of a deposit of a copy thereof in the post-office, as required by the statute, it affirmatively shows that the trial court had jurisdiction of the defendant; and in the absence of evidence to the contrary, it will be presumed that the service by publication was made under a proper order of the court therefor, and that a sufficient affidavit for such order was presented to the court before making the order.

ID. — JUDGMENT ROLL — ORDER FOR PUBLICATION — IMPEACHMENT OF RECORD — BILL OF EXCEPTIONS. — Upon appeal from a final judgment, the only papers that can be considered, in the absence of a bill of excep-

tions, are the notice of appeal and judgment roll; and upon such an appeal an order of publication of summons, which is no part of the judgment roll, cannot be considered for the purpose of impeaching the record of the judgment, or to overcome the proof of service in the judgment roll by showing that the publication and mailing of the summons were premature and unauthorized, unless such order has been incorporated in a bill of exceptions.

ID. — COPY OF AFFIDAVIT OF MAILING SUMMONS — PRESUMPTION UPON APPEAL — SUBSTITUTION FOR LOST ORIGINAL. — Upon an appeal from a judgment, where the judgment roll contains a copy of the affidavit of the mailing of summons, instead of the original, it will be presumed that the original affidavit had been lost, and that the copy was substituted therefor by the order of the court upon a proper showing.

ID. — OMISSION OF LIEN-HOLDER FROM JUDGMENT — FORECLOSURE OF EQUITY OF REDEMPTION — TITLE OF PURCHASER. — The omission from the judgment foreclosing a mortgage of the name of a lien-holder, who is a party defendant, is immaterial; and a provision in the judgment that the mortgagor defendant, and all persons claiming or to claim under him, be forever barred and foreclosed of and from all equity of redemption and claim in and to the mortgaged premises, adds nothing to the effect of the judgment foreclosing the mortgage. The sale under the judgment itself extinguishes the right and claim of all the defendants in the action acquired subsequent to the date of the mortgage, and vests in the purchaser the title of the mortgagor at the date of the mortgage, discharged of all such right and claim.

ID. — PRESUMPTION AS TO SUPPLY OF LOST RECORD. — When jurisdiction has once been acquired, it is not lost by a failure to preserve a record of the acts by which it was acquired, and the acts of a court in exercising its inherent power to amend its record, or to supply a lost record, will be presumed to have been properly exercised.

ID. — JURISDICTION — SERVICE OF SUMMONS — PROOF OF SERVICE — ENTRY OF DEFAULT — PRESUMPTION. — The jurisdiction of a court does not depend upon the preservation of the proof of the service of summons, but upon the fact that the service has been made; and where it appears from the record of a judgment that at the date of a memorandum of default indorsed upon the complaint the service upon the defendant was complete, and that the time for his appearance had expired, the indorsement will be presumed to have been made upon proper proof of the mailing of the complaint, although the indorsement was made prior to the date of the affidavit.

FORECLOSURE OF MORTGAGE — PARTIES — PLEADING — SUBSEQUENT INTEREST — NON-ISSUABLE AVERMENT. — An averment, in a complaint in an action to foreclose a mortgage, that one of the defendants "has or claims to have some interest or claim upon said premises, which interest or claim is subsequent to and subject to the lien of the plaintiff's mortgage," is sufficient to show that he is a proper party defendant; and the character of his interest need not be set forth, nor is the averment issuable.

ID. — EFFECT OF DECREE AND SALE — PARAMOUNT RIGHTS OF DEFAULTING LIEN-HOLDER NOT AFFECTED — TRANSFER LIMITED TO DATE OF MORTGAGE.

— A sale of mortgaged premises under a judgment of foreclosure, entered by default against a defendant alleged to have some interest or claim in the land subsequent and subject to the lien of the mortgage, will be limited in its effect to the rights acquired therein by such defendant subsequent to the mortgage, irrespective of the character of the averment as to his interest; and if he has any interest in the premises paramount to the mortgage, it will not be affected by the judgment or the sale thereunder. The effect of a sale under the ordinary decree of foreclosure is limited to a transfer of the title as it existed in the mortgagor at the date of the mortgage.

ID. — PROPER CONTENTS OF JUDGMENT. — In the ordinary action of foreclosure, the judgment need only determine the amount of the debt, the defendant who is personally liable therefor, and direct a sale of the mortgaged lands and an application of their proceeds to satisfy this amount, with such provision for the rights of the defendants between themselves as may be presented in the case; but it is expedient to insert that a writ of assistance may issue without further notice, since such writ is a part of the execution of the judgment.

ID. — DEFAULT IN PAYMENT OF INTEREST — OPTION OF MORTGAGEE — NOTICE OF ELECTION BEFORE SUIT. — Where a note secured by mortgage provides that if the interest should not be paid when due the whole principal and interest shall become due, at the option of the holder, and the mortgage provides for a forclosure in case of default in any payment of interest, it is not necessary for the holder of the note and mortgage to give any notice of his election to consider the whole debt due, either to the mortgagor or to any other lien-holder, before bringing suit to foreclose the mortgage.

APPEAL from a judgment of the Superior Court of Orange County.

The note secured by the mortgage provided that if the interest should not be paid when due the whole sum of principal and interest should become immediately due and payable, at the option of the holder of the note. The mortgage provided that in case of default in the payment of the note, or of any installment of the interest thereon when due, the mortgagee might foreclose the mortgage. Further facts are stated in the opinion of the court.

*George Hayford, Frank C. Prescott,* and *I. N. Everett,* for Appellant.

The order for publication of summons was made September 23d, and required publication to be made once a week for two calendar months from September 19th, but

the publication was commenced September 20th, which was premature, being before the order was made, and publication under the order was for a less time than that required under the order and statute. (Code Civ. Proc., sec. 413.) It is a familiar principle, that where service of summons is attempted different from the course of the common law, the statute must be strictly pursued, to give jurisdiction. (*Jordan* v. *Gilpin*, 12 Cal. 102; *Braly* v. *Seaman*, 30 Cal. 617, 618.) Where the affidavit is insufficient for an order of publication, the judgment is void. (*Braly* v. *Seaman*, 30 Cal. 617.) Where the affidavit of personal service is defective, a judgment on default will be reversed. (*Hog's Back etc. Min. Co.* v. *New Basil etc. Min. Co.*, 63 Cal. 121.) There is no presumption in favor of the jurisdiction of the court where the service is by publication. (*McMinn* v. *Whelan*, 27 Cal. 300.) The code plainly shows that service by publication can only be made after the court so orders. (See also *McBlain* v. *McBlain*, 77 Cal. 510.) The default of the defendant was rendered December 29th, and is illegal, there being no proofs on file of service on the appellant; a decree by default can only be entered when valid service of a sufficient summons appears of record. (*Reinhart* v. *Lugo*, 86 Cal. 396, 401; 21 Am. St. Rep. 52; *Hog's Back etc. Min. Co.* v. *New Basil etc. Min. Co.*, 63 Cal. 121; *Porter* v. *Hermann*, 8 Cal. 625.) Although the order of service of publication is not made part of the judgment roll, it should have been, and this court can consider it on the question of jurisdiction in a direct attack on the decree, and rules which apply to a collateral attack will not be applied. (*Reinhart* v. *Lugo*, 86 Cal. 396; 21 Am. St. Rep. 52; *McBlain* v. *McBlain*, 77 Cal. 510; *Barney* v. *Vigoureaux*, 75 Cal. 378.) If the court holds the decree to be sufficient in form to bind Arrasmith, yet it is erroneous and void, because it goes beyond the case made by the complaint, and on a default courts are required to see that the decree does not go beyond the issue. (See *Carpentier* v. *Brenham*, 50 Cal.

552–554; *Lothian* v. *Wood*, 55 Cal. 159; Code Civ. Proc., sec. 580.)

*E. E. Keech*, for Respondent.

The purported order of publication in the transcript is no part of the judgment roll, and cannot be considered on this appeal. (*Sharp* v. *Daugney*, 33 Cal. 506; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Spinetti* v. *Brignardello*, 53 Cal. 283; *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146.) There is a direct finding of service of summons in the judgment, and nothing in the record to contradict that finding. Besides, the court was one of general jurisdiction, and all presumptions are indulged in favor of the judgment. (*Lick* v. *Stockdale*, 18 Cal. 219; *Meredith* v. *Santa Clara Min. Ass'n*, 60 Cal. 617; *Parker* v. *Altschul*, 60 Cal. 381; *Livermore* v. *Webb*, 56 Cal. 489; *Emeric* v. *Alvarado*, 64 Cal. 597; *Gordon* v. *Donahue*, 79 Cal. 501; *Batchelder* v. *Baker*, 79 Cal. 267; *Lyons* v. *Roach*, 84 Cal. 27.) The entry of the default was not premature or void, as the court acquired jurisdiction by the fact of service, and not by proof, which could be made afterward. (*Allison* v. *Thomas*, 72 Cal. 562; 1 Am. St. Rep. 89; *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146.) The decree is not greater than the complaint will sustain. If the allegation in the complaint that the appellant has some subsequent claim or lien is true, he is not injured; and if he holds some prior lien or paramount title, it was his duty to have appeared and set up the same by answer and saved his rights. (*McCann* v. *Spangler*, 71 Cal. 418.)

HARRISON, J. — Action for the foreclosure of a mortgage. Judgment by default was entered against all of the defendants. The defendant Arrasmith has appealed, upon the grounds that the court had no jurisdiction to enter the judgment against him, and that the judgment as entered exceeds the allegations of the complaint.

The service upon the appellant was by the publication of the summons. It is recited, in the judgment, " that

P. H. Look . . . . and D. A. Arrasmith, the above-named defendants, have been duly and regularly summoned to answer unto the plaintiff's complaint herein, and that the said defendants, and each of them, have made default in that behalf," etc., and in the judgment roll is found an affidavit which was filed December 29, 1890, sufficient in form and substance, of a publication of the summons in the Santa Ana Standard, commencing September 20, 1890.   The judgment roll also contains a document which was filed March 4, 1891, which purports to be a copy of an affidavit made January 5, 1891, of the deposit on the 19th of September, 1890, " pursuant to an order of the court," of a copy of the summons and complaint in the post-office, directed to the appellant at Keokuk, Iowa.   A memorandum of the default of the appellant, bearing date December 29, 1890, is attached to the complaint, and the judgment was rendered January 8, 1891.   There is printed in the transcript, after the judgment roll and notice of appeal, a document which purports to be an order for the service of the summons upon the appellant by publication in the Santa Ana Standard for two calendar months from the nineteenth day of September, 1890.   This order bears the date of September 23, 1890, and was filed on that day, and is authenticated by a certificate of the county clerk that it is a " correct copy of the original on file in my office."

1. It is contended by the appellant that the constructive service shown by this record was insufficient to give the court jurisdiction over him, for the reason that the deposit in the post-office and the first publication of the summons, having been made prior to the date of the order therefor, were of no effect, and that the publication after the date of the order was not for the period of time therein directed; also, that the only evidence of mailing a copy of the summons is a *copy* of an affidavit made after the memorandum of the default had been attached to the complaint, and not filed until after the entry of judgment.

The presumption of verity which attaches to the rec-

ord of a domestic judgment is the same upon a direct appeal therefrom as exists in a collateral attack, the only difference being, that upon a direct appeal it is essential for the party seeking to sustain the judgment to show by the record itself that the court had jurisdiction of the defendant, whereas in a collateral attack the entry of the judgment is itself conclusive of such jurisdiction. Upon a direct attack, there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant; but in all matters of which the judgment contains a record, its verity, in the absence of any contradictory evidence, will be presumed as fully as upon a collateral attack. The defendant may, upon a direct appeal, by bill of exceptions, present evidence outside of the record for the purpose of showing that the court did not have jurisdiction over him, while in a collateral attack such objection is available only when it appears from the record itself. In both cases the record is conclusive as to all matters as to which it speaks, unless impeached in the foregoing manner. As was said by Mr. Justice McFarland in *Lyons* v. *Roach*, 84 Cal. 30: " The main difference between collateral and direct attacks is, that in the former the record alone can be inspected, and is conclusively presumed to be correct; while on direct attack the true facts may be shown, and thus the judgment itself on appeal may be reversed or modified." The recitals in a judgment are the court's record of its own acts, and although upon a direct appeal the jurisdiction of the court is not to be established by its mere assertion in the judgment that it had acquired jurisdiction, yet if such recital finds support in other portions of the record, which under any condition of facts could exist, it will be presumed, in the absence of any contradictory showing, that such condition of facts existed.

The record of the judgment is the judgment roll. The documents which shall constitute this record are specified in section 670 of the Code of Civil Procedure to be: " In case the complaint be not answered by any defend-

ant, the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon, that the default of the defendant in not answering was entered, and a copy of the judgment"; and section 415 of the Code of Civil Procedure provides that "proof of the service of summons and complaint must be: . . . . 3. In case of publication, the affidavit of the printer, or his foreman or principal clerk, showing the same, and an affidavit of a deposit of a copy of the summons in the post-office, if the same has been deposited."

Under these provisions, we must hold that the record of the judgment in the present case affirmatively shows that the court had jurisdiction of the appellant. It is recited therein that he had been "duly and regularly summoned," and there is found in the judgment roll, in support of this recital in the judgment, an affidavit of publication of the summons, and of a deposit of a copy thereof, as required by the statute. The statute has provided that, under certain circumstances, the court may obtain jurisdiction of a defendant by a service of the summons by publication, and what shall be the proof of such service; and in support of the judgment of the court, it will be presumed upon a direct appeal, in the absence of any evidence to the contrary, that this mode of service was made under a proper order of the court therefor, and that a sufficient affidavit for such order was presented to the court before making the order.

The order of publication bearing date September 23, 1890, cannot be considered for the purpose of impeaching the record of the judgment, and cannot be used in contradiction of such record, any more than any other order or minute of the court made in the action. Upon an appeal from a final judgment, the only papers that can be considered, where there is no bill of exceptions, are the notice of appeal and judgment roll. (*Spinetti* v. *Brignardello*, 53 Cal. 283.) If the appellant had desired to show that no order for publication was made until September 23d, and that the publication and mailing of the summons were premature and unauthorized, he

should have presented such facts in a bill of exceptions by which the proofs upon which he would rely would be properly authenticated.

Under the same rule, it must be intended that the original affidavit of mailing had been lost, and that the copy found in the judgment roll was substituted therefor by the order of the court upon a proper showing (Code Civ. Proc., sec. 1045); also, that the indorsement upon the complaint of the default of the defendant prior to the date of the affidavit was made upon proper proof of such mailing, even though the same does not now appear in the record. The jurisdiction of the court did not depend upon the preservation of the proof of the service, but upon the fact that the service had been made (*In re Newman*, 75 Cal. 220; 7 Am. St. Rep. 146; *Mason* v. *Messenger*, 17 Iowa, 263); and the entry of the default was not a step in acquiring jurisdiction, but an act of the court after jurisdiction had been acquired. When jurisdiction has once been acquired, it is not lost by a failure to preserve a record of the acts by which it was acquired, and the acts of the court in exercising its inherent power to amend its record, or to supply a lost record, will be presumed to have been properly exercised. It appears from the record of the judgment that at the date of this memorandum of default the service upon the appellant was complete, and that the time for his appearance had expired.

2. The averment in the complaint that the appellant "has or claims to have some interest or claim upon said premises, which interest or claim is subsequent to and subject to the lien of the plaintiff's mortgage," was for the purpose of showing that the appellant is a proper party defendant, and is sufficient therefor. The character of his interest is immaterial to the plaintiff, and need not be set forth in the complaint. (*Poett* v. *Stearns*, 28 Cal. 226; *Anthony* v. *Nye*, 30 Cal. 401.) Such an averment is not an issuable fact. (*Elder* v. *Spinks*, 53 Cal. 293.) If the appellant had desired to protect such interest, he should have appeared and pre-

sented it to the court with the grounds upon which he claimed its protection. If he has any interest in the mortgaged premises paramount to the mortgage, it will not be affected by the judgment or the sale thereunder. A sale of the mortgaged premises under the judgment entered against him by default will be limited in its effect to the rights acquired therein by him subsequent to the mortgage, irrespective of the character of the averment. (*McComb* v. *Spangler*, 71 Cal. 418; *Payn* v. *Grant*, 23 Hun, 134; *Frost* v. *Koon*, 30 N. Y. 428; *Emigrant Sav. Bank* v. *Goldman*, 75 N. Y. 127; *Smith* v. *Roberts*, 91 N. Y. 477; Jones on Mortgages, sec. 1589.)

3. The provision in the judgment foreclosing all persons claiming under the defendant Look must be construed under the foregoing rule, which limits the effect of a sale under the ordinary decree of foreclosure to a transfer of the title of the mortgagor as it existed in him at the date of the mortgage. The omission of the name of the appellant from the decree is immaterial, nor does the provision therein " that the defendant Look, and all persons claiming or to claim under him, . . . . be forever barred and foreclosed of and from all equity of redemption and claim in and to said mortgaged premises," add in any respect to the effect of a sale under the decree beyond what it would have had if the provision had been omitted. This provision, although generally found in judgments of foreclosure, does not in reality, under our system of procedure, add anything to the effect of the judgment. Its insertion is due to the conservatism of the profession, which hesitates to adopt a reform in procedure, and prefers to adhere to the forms which were used under a different system. Under the old chancery system, where it was considered that a mortgage was a conveyance of the title to the land, courts of equity permitted the mortgagor to redeem his land from the mortgage, notwithstanding the law day of the mortgage had passed. In order to cut off this equity of redemption, the mortgagee presented his bill for a strict foreclosure of the mortgage, and in the decree upon

XCIII. CAL.—39

that bill the court named a day prior to which the mortgagor might redeem, and that upon his failure to do so, he should thereafter be forever foreclosed of his equity of redemption and all right and title in the lands. This procedure continued to prevail in those states in which courts of equity were distinct from courts of law, after it had been determined that a mortgage was only a lien, and did not convey the title. Under the system of procedure in this state, where the mortgage is held to be only a lien upon the land, to be enforced by its sale under the judgment of a court, the effect of such sale is of itself to extinguish the right and claim of all the defendants in the action acquired subsequent to the date of the mortgage, and to vest in the purchaser the title of the mortgagor at the date of the mortgage, discharged of all such right and claim. (*Goodenow* v. *Ewer*, 16 Cal. 461; 76 Am. Dec. 540; *San Francisco* v. *Lawton*, 18 Cal. 465; 79 Am. Dec. 187; *Montgomery* v. *Middlemas*, 21 Cal. 103; 81 Am. Dec. 146.) There are instances in which rights of defendants acquired prior to the date of the mortgage may be adjudicated and determined by the judgment, but these are exceptional and well recognized in practice. In the ordinary action of foreclosure, the judgment need only determine the amount of the debt, the defendant who is personally liable therefor, and direct a sale of the mortgaged lands and an application of their proceeds to satisfy this amount, with such provision for the rights of the defendants between themselves as may be presented in the case. (*Leviston* v. *Swan*, 33 Cal. 480.) For the purpose of procuring a writ of assistance without delay, in case it may be required, it is expedient to include a provision that it may issue without further notice, as this is but a part of the execution of a judgment for foreclosure. (*Montgomery* v. *Tutt*, 11 Cal. 190; *Montgomery* v. *Middlemas*, 21 Cal. 103; 81 Am. Dec. 146.)

Whether the interest of the defendants in the lands is set forth by them in their answer, or whether they suffer default, the effect of the sale under the judgment is in

itself to foreclose and extinguish whatever rights they have acquired in the lands subsequent to the mortgage. The term "foreclosure" has itself acquired a modern significance, corresponding with the change in the procedure. Instead of being effected by the judgment itself, it is effected by the sale under the judgment, and therefore a provision in the judgment for the foreclosure becomes meaningless and redundant. (*Goldtree* v. *Mc-Allister*, 86 Cal. 105.)

4. It was not necessary for the plaintiff before bringing suit to give to the mortgagor or to the appellant any notice of his election to consider the whole of the debt due. (*Hewitt* v. *Dean*, 91 Cal. 5.)

The judgment is affirmed.

MCFARLAND, J., DE HAVEN, J., GAROUTTE, J., PATERSON, J., and SHARPSTEIN, J., concurred.