[No. 19204.     Department Two.—February 6, 1894.]

TYLEE W. LA FETRA, RESPONDENT, v. NELLIE H.
GLEASON ET AL., DEFENDANTS. CHARLES IN-
GLES, APPELLANT.

FORECLOSURE OF MORTGAGE—DEFAULT JUDGMENT AGAINST NONRESIDENT
—FINDING—SERVICE OF SUMMONS—APPEAL—JURISDICTION.—In an ac-
tion to foreclose a mortgage, where the default of the defendant was
regularly entered, and the court found specially in the decree that he
was duly served and made default, such finding is conclusive upon ap-
peal, unless some other part of the judgment-roll overcomes or contra-
dicts it; and an affidavit annexed to the returned summons stating that
he served the summons personally on the defendant in Clinton county,
in the state of Missouri, does not show a want of jurisdiction in the
court to render the decree of foreclosure as against such defendant.

ID.—PROCEEDING IN REM—PUBLICATION OF SUMMONS—SERVICE OUT OF
STATE.—The foreclosure of a mortgage is in its nature a proceeding *in rem*
against the mortgaged property, and in such a proceeding personal serv-
ice of summons within the state is not necessary to the jurisdiction,
but summons may be served on a nonresident by publication, in pursu-
ance of an order in court based upon an affidavit, and when publication

is ordered, the personal service of a copy of the summons and complaint
out of the state is equivalent to publication.

ID.—JUDGMENT-ROLL—PRESUMPTION.—The affidavit and order for publica-
tion are no part of the judgment-roll, and where there is nothing in the
judgment-roll inconsistent with the finding by the court of due service
of the summons, it must be presumed upon appeal in support of the
judgment, that the finding was based upon a service made in pursuance
of the statute.

ID.—APPEAL FROM ORDER—REFUSING TO SET ASIDE DEFAULT.—BILL OF
EXCEPTIONS—AFFIDAVITS.—Upon an appeal from an order refusing to
set aside a default, where the bill of exceptions merely shows that such
a motion was made and denied, affidavits and other documentary matter
printed in the transcript, not made a part of the bill of exceptions nor
identified as part of the record cannot properly be considered.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order refusing to set
aside a default.

The facts are stated in the opinion of the court.

*E. H. Bentley,* and *R. Dunnigan,* for Appellant.

*S. C. Hubbell,* for Respondent.

McFARLAND, J.—This action was brought to foreclose
a mortgage executed by plaintiff to defendant Gleason
upon certain land in California. The defendant, Charles
Ingles, and a number of other persons were made par-
ties defendant upon the general averment that they
claim to have some interest in the mortgaged premises,
which interest is averred to be subsequent and subject
to the lien of said mortgage. Judgment by default was
rendered against all of the defendants, and a decree of
foreclosure entered in favor of plaintiff. Defendant
Ingles appeals from the judgment. He also appeals
from an order denying his motion to set aside his de-
fault and to be allowed to answer.

The appeal from the judgment is based entirely upon
the judgment-roll, no facts *aliunde* the record being
shown. Practically, therefore, appellant is in the same
position as one attacking a judgment collaterally; that
is, he contends that the judgment-roll does not show
jurisdiction.

The default of appellant was regularly entered; and the court found specially in the decree that he was duly served and made default. This finding—no facts appearing *aliunde*—is conclusive, unless there is something in some other part of the judgment-roll which overcomes or contradicts it. Now the only other thing in the record on the subject of service is an affidavit annexed to the returned summons made by one J. L. Dawson, in which he swears that he is over twenty-one years old, not a party to the action, etc., and that he served the summons personally on appellant by giving him a copy thereof together with a copy of the complaint, etc., on a certain day, in Clinton county, in the state of Missouri. Appellant contends that this affidavit shows a want of jurisdiction; but we do not think so. It must be borne in mind that the action as against appellant is not *in personam*, but a direct proceeding to reach and affect an interest of appellant in property within this state; in other words, the action is in the nature of a proceeding *in rem*.

In the leading case of *Pennoyer* v. *Neff*, 95 U. S. 714, the supreme court of the United States holds that while the courts of a state cannot acquire jurisdiction to render a judgment *in personam* against a nonresident without personal service of process within the state, still they may, without such service, subject property of the nonresident found within the state to the satisfaction of claims of her citizens, and may enforce liens thereon in a direct proceeding instituted for that purpose, as by attachment, or by an action to enforce the lien of a mortgage. In such a case the procedure is against the property and is in its nature *in rem*. In a proceeding strictly *in rem* personal service is not necessary, but a state may require that, in such a proceeding, notice or warning must be given in a prescribed method to persons claiming interests in the property; and in such event the method must be followed. In this state the statute provides that in such a case summons may be served on a nonresident by publication in pursuance

of an order of court based upon an affidavit; and it also provides that " when publication is ordered, personal service of a copy of the summons and complaint out of the state is equivalent to publication," etc. (Code Civ. Proc., sec. 413.) But the affidavit and order of publication are no part of the judgment-roll (*In re Newman*, 75 Cal. 220; 7 Am. St. Rep. 146); and, of course they would not appear in the record which appellant chose to bring here, and over which respondent had no control. Therefore, as there is nothing in the judgment-roll inconsistent with the finding by the court of due service of summons, and as appellant shows nothing further on the subject, we will presume, in support of the judgment, that the finding was based upon service made in pursuance of the statute. The judgment must therefore be affirmed.

With respect to the appeal from the order refusing to grant the motion to set aside the default and allow appellant to answer, it would be sufficient to say that the bill of exceptions on the subject merely shows that such a motion was made and denied. There are some affidavits and other documentary matter printed in the latter part of the transcript; but they are not in the bill of exceptions, nor are they in any way identified or made part of the record. If, however, they could be considered, they show no reason for holding that the court abused its discretion in denying the motion.

The judgment and order appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.