[Sac. No. 590. Department One.—December 18, 1899.]

## BANK OF ORLAND, Respondent, v. T. H. DODSON et al., Appellants.

SUMMONS—SERVICE—PROOF—JURISDICTION—JUDGMENT BY DEFAULT.—The service in fact of the summons, rather than the proof of service, gives the court jurisdiction of the person of the defendant. If the summons was served, and the return of service purports upon its face to have been made by proper authority, even though not in fact so made, the court has jurisdiction to hear and determine the cause, and may render a valid judgment therein by default.

ID.—UNAUTHORIZED RETURN OF SERVICE—FORECLOSURE OF MORTGAGE—VALID DECREE AND SALE.—The fact that the name of the sheriff was signed to the return of service of the summons in an action to foreclose a mortgage, by one assuming to act as deputy who was not an authorized deputy, cannot affect the jurisdiction of the court, by virtue of the service actually made, to render a valid decree of foreclosure, or affect the validity of the sale made under the decree.

ID.—ALIAS SUMMONS—VOID PROCEEDINGS—DISMISSAL.—After the plaintiff has obtained title under a valid foreclosure of a mortgage, and the judgment has been fully satisfied and the deficiency judgment paid, and the time for appeal therefrom has expired, there is no authority for the issuance and service of an alias summons in the cause, and the court has no jurisdiction to proceed with the trial thereof. All the proceedings had under such alias summons are void, and any judgment rendered thereunder will be reversed upon appeal, and the proceedings dismissed.

APPEAL from a judgment of the Superior Court of Glenn County and from an order denying a new trial.   Frank Moody, Judge.

The facts are stated in the opinion.

Charles L. Donohoe, and Seth Millington, for Appellants.

The apparent return of service of summons, even though false in fact, justified the court in acting upon it.   (*Peck v. Strauss,* 33 Cal. 686.)   The fact of service gave the court jurisdiction of the person.   (*Pico v. Sunol,* 6 Cal. 295; *In re Newman,* 75 Cal. 220; 7 Am. St. Rep. 146; *Herman v. Santee,* 103 Cal. 519; 42 Am. St. Rep. 145.)

Ben F. Geis, for Respondent.

The summons purports to have been served by the sheriff in his official capacity, and it cannot be presumed against the record that the one who signed as deputy sheriff acted in any other capacity.   Not being a deputy in fact, he had no power to act.   (Pol. Code, sec. 4113; *Maddux v. Brown,* 91 Cal. 523; *Warren v. Ferguson,* 108 Cal. 536; *Rauer v. Lowe,* 107 Cal. 233; 48 Am. St. Rep. 140.)   The facts show a want of jurisdiction of the person of the defendants and that the judgment was absolutely void.   (*Pioneer Land Co. v. Maddox,* 109 Cal. 642; 50 Am. St. Rep. 67; *Hill v. City Cab etc. Co.,* 79 Cal. 191; *Hahn v. Kelly,* 34 Cal. 402; 94 Am. Dec. 472; *Joyce v. Joyce,* 5 Cal. 449.)   There was no valid proof of service sufficient to justify the judgment by default.   (*Reinhart v. Lugo,* 86 Cal. 395; *Maynard v. MacCrellish,* 57 Cal. 355; *Howard v. Galloway,* 60 Cal. 10; *Weil v. Bent,* 60 Cal. 603; *Barney v. Vigoureaux,* 75 Cal. 377.)

CHIPMAN, C.—Foreclosure.   Plaintiff remarks in its brief: "The case is indeed a peculiar one, and none just like it is found in the books."   The statement is probably correct.   The undisputed facts are that plaintiff brought the action in due time to foreclose a mortgage given by defendants.   Summons duly issued April 17, 1896, and was served and returned on April 18, 1896, the return being signed "H. C. Stanton, Sheriff, by C. H. Merrill, Deputy Sheriff."   An indorsement made

thereon by the clerk shows the service to have been regularly made upon the defendants, and that, the time for answer having expired, their default was duly entered. On May 13, 1896, the court entered its decree containing the usual recitals and showing, among other facts, that summons was served upon defendants, and that "the time to appear and demur or answer the complaint having expired, and no appearance having been made by either of the said defendants, . . . . the default of said defendants . . . . was duly given and made and regularly entered." The decree then recites that the cause came on to be heard, and evidence, both oral and documentary, was introduced, from which it appeared that all the allegations of the complaint are true, etc. Wherefore the court found the amount due on the promissory note mentioned in the complaint, to wit, two thousand seven hundred and forty-three dollars and fifty-five cents, and decreed the same to be a lien upon the described premises; ordered the sale thereof and appointed a commissioner to conduct the sale, and also made the usual directions as to a deficiency judgment. The commissioner was duly appointed; he qualified, and on June 10, 1896, he made the sale in due form and upon due notice, and made return thereof, from which it appears that plaintiff became the purchaser for the sum of two thousand seven hundred dollars, and received a certificate of sale. In his return the commissioner shows that he deducted certain expenses from said amount, leaving two thousand six hundred and eighty dollars, and paid the same to plaintiff and took its receipt therefor, which was credited upon the judgment, leaving a deficiency of sixty-three dollars and fifty-five cents, for which judgment was entered July 9, 1896, and was by defendants fully paid August 10, 1896. The period for redemption having expired, the commissioner, on January 14, 1897, made and delivered his deed of the premises in due form to plaintiff, which was duly acknowledged and recorded January 15, 1897. Apparently, plaintiff became distrustful of the validity of its judgment, because, as it turned out, Merrill was not, at the time he served the summons, in fact a deputy sheriff; and, acting on this assumption, plaintiff caused the sheriff to make an affidavit to the effect that Merrill was not a duly and regularly appointed deputy sheriff when

he served the summons. Whereupon plaintiff, on April 12, 1897, filed this affidavit with the clerk, obtained an alias summons, and caused it to be served upon defendants. Defendants appeared by demurrer, which was overruled, and they thereupon answered and, among other things, averred the facts as to the former trial of the cause, the judgment therein, and that it has not been set aside or modified; set forth the sale pursuant to the decree and the purchase by plaintiff, the entry of the deficiency judgment and its payment in full satisfaction of all claims against defendants, and prayed for a dismissal of the action.

In this state of the matter and against defendants' objections the court proceeded to hear and determine the case upon the original complaint as it was amended at the first trial, and to try the cause precisely as though it had not been already once tried. The court and counsel for plaintiff acted upon the theory that all the previous proceedings were void and could be treated as though they had no existence whatever.

We think plaintiff entirely misconceived the powers of the court in the premises. It is conceded, and the fact was, that defendants were served with summons. The court had jurisdiction by virtue of this service, for the record shows on its face that the service was made by one having authority, and the court, therefore, could hear and determine the cause; until set aside by some proceeding known to the law, its judgment was valid, and it follows that the sale in pursuance thereof was valid. (*Herman v. Santee*, 103 Cal. 519; 42 Am. St. Rep. 145; Freeman on Judgments, sec. 126.) It is the fact of service rather than the proof of service that gives jurisdiction. (*In re Newman*, 75 Cal. 220; 7 Am. St. Rep. 146.)

Defendants, as we have seen, were in fact served with summons; they did not appear nor in any way call in question the regularity of the service; they took no steps to have the judgment set aside, but permitted their property to be sold, without objection, pursuant to the judgment entered in the action, and they paid the deficiency judgment; they did not appeal from the judgment, and the time for appeal had expired when the alias summons was issued. Under the circumstances disclosed the defendants could not attack the judgment, and, so far as

we know, never threatened to do so, nor did they in any way attempt to prevent the plaintiff from enjoying its fruits. The plaintiff had all the relief under that judgment to which it was entitled under any judgment. The court had no authority to enter upon a second trial of the cause, and its proceedings therein were, therefore, unavailing for any purpose and wholly unauthorized. After the court had entered its judgment it had no jurisdiction to again try the case until that judgment was set aside; and when the alias summons was issued the action was no longer pending, for judgment had been entered, the time for appeal had elapsed, and the judgment had been satisfied. The court was without jurisdiction and its judgment at the second trial was void. (Freeman on Judgments, sec. 127.)

It is advised that the judgment and order be reversed and the proceeding dismissed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the proceeding dismissed.

· Garoutte, J., Van Dyke, J., Harrison, J.