[Civ. No. 3283. First Appellate District, Division One.—October 21, 1920.]

## CECIL LINDLEY, Respondent, v. SCOTT LINDLEY, Appellant.

[1] JURISDICTION — ACTION FOR DIVORCE — SERVICE OF SUMMONS BY PUBLICATION AND MAILING—FILING OF AFFIDAVIT AFTER GRANTING OF DECREE.—Where the order for the publication of summons on a nonresident defendant in a divorce action directs that, in addition to the publication thereof, a copy of the complaint and summons be mailed to the defendant at his last known place of residence as set forth in plaintiff's affidavit for publication, and such order is complied with, but no affidavit of mailing is made or filed, a recital in the interlocutory decree granted after the entry of the defendant's default "that summons had been served upon the defendant by publication in the manner, and for the period of time required by law," is consistent with the facts; and, on a motion by the defendant to vacate and set aside his default on the ground that the court never acquired jurisdiction of his person, the court has authority to permit the filing of the affidavit of mailing in support of the service.

[2] ID.—PARTIES—WHEN ACQUIRED—PROOF OF SERVICE—EFFECT OF FILING AFFIDAVIT SUBSEQUENT TO DECREE.—In such a case, jurisdiction of the person of the defendant does not depend upon the proof of service, but upon the fact that service has been made; and the affidavit of service, although filed subsequent to the entry of the decree, supports such decree as fully as though of record before its entry.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate and set aside a default and an interlocutory decree of divorce. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Cavitt for Appellant.

J. E. White for Respondent.

WASTE, P. J.—The plaintiff sought and obtained an interlocutory decree of divorce. Service on the defendant, a nonresident, was by publication. Less than six months after the entry of the decree the defendant made a motion, supported by an affidavit of facts, an affidavit of merits, and his proposed answer, to vacate and set aside the default and the interlocutory decree, and for permission to answer. The court denied the motion, and from that order the defendant appeals on the judgment-roll alone.

Only one question requiring consideration is presented. The defendant was a resident of the state of Missouri, and the court made an order that a copy of the complaint and summons be mailed to him at his last known place of residence as set forth in plaintiff's affidavit for publication. The order was complied with, but no affidavit of the fact was made or filed. In due time the court entered the default of the defendant for failing to appear, and granted the interlocutory decree of divorce, which, among other recitals, contained a finding "that summons had been served upon the defendant by publication in the manner, and for the period of time required by law." The defendant in his affidavit alleged that "no complaint or summons was ever served upon" him. His contention is that the court never acquired jurisdiction of his person, and that the interlocutory decree of divorce entered was a nullity. It is not necessary to discuss the sufficiency of the averment of nonservice, which is but a conclusion of law, for the uncontradicted record is that the summons was published for the required length of time, and that the copy of the complaint and summons was duly mailed to the defendant, addressed to him at his home address. Due proof of the mailing, which had not been filed prior to the granting of the interlocutory decree, was made, by permission of the lower court, at the time of the hearing of the motion to vacate and set aside the default.

[1] The recital in the decree that the defendant was duly served with process is consistent with the facts, and the court had authority to permit the filing of the affidavit of

mailing in support of the service. (*Estate of Newman,* 75 Cal. 213, 220, [7 Am. St. Rep. 146, 16 Pac. 887]; *Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 220].) **[2]** Jurisdiction did not depend upon the proof of service, but upon the fact that service had been made. When the affidavits of mailing were filed they supported the decree as fully as though of record before its entry. (*Herman* v. *Santee,* 103 Cal. 519, [42 Am. St. Rep. 145, 37 Pac. 509]; *Heinlen* v. *Heilbron,* 94 Cal. 636, [30 Pac. 8]; *La Fetra* v. *Gleason,* 101 Cal. 246, [35 Pac. 765]; *Bank of Orland* v. *Dodson,* 127 Cal. 208, [78 Am. St. Rep. 42, 59 Pac. 584].)

The objection that the evidence in the divorce proceeding was not sufficient to establish the jurisdictional fact of plaintiff's residence is one which should have been raised on an appeal from the judgment. However, the plaintiff testified that she had lived in the city of San Francisco and state of California "going on three years." She was fully corroborated by her sister, a witness in her behalf, who testified that she had so resided for "almost three years."

As the sole ground of the motion to set aside the interlocutory decree was the alleged want of jurisdiction, the lower court's ruling was correct.

The order is affirmed.

Richards, J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1920.

All the Justices concurred.