[Civ. No. 17016.   Second Dist., Div. Two.   July 11, 1949.]

DAIKI OTSUKA, a Minor, etc., Respondent, v. MARY LOUISE BALANGUE et al., Appellants.

[Civ. No. 17017.   Second Dist., Div. Two.   July 11, 1949.]

KIKUYE SAKAMOTO, Respondent, v. MARY LOUISE BALANGUE et al., Appellants.

[Civ. No. 17018.   Second Dist., Div. Two.   July 11, 1949.]

MASAO UYESAKE, Respondent, v. MARY LOUISE BALANGUE et al., Appellants.

[Civ. No. 17019.   Second Dist., Div. Two.   July 11, 1949.]

GEORGE S. OTSUKA, Respondent, v. MARY LOUISE BALANGUE et al., Appellants.

[Civ. No. 17020.   Second Dist., Div. Two.   July 11, 1949.]

HARUYE OTSUKA, Respondent, v. MARY LOUISE BALANGUE et al., Appellants.

Edward Henderson and J. F. Goux for Appellants.

Robertson, Schramm, Raddue & Parma and Edward W. Schramm for Respondents.

WILSON, J.—Appeals from orders denying change of venue from Santa Barbara County to Ventura County in five actions brought to recover damages for personal injuries to plaintiffs alleged to have been caused by the negligent operation of an automobile by defendants on a public highway in Ventura County.

In each case, on December 17, 1948, defendants transmitted to plaintiff, by United States mail, copies of (1) demurrer to complaint, (2) points and authorities in support of demurrer, (3) notice of motion for change of venue, (4) affidavit of merits, (5) points and authorities in support of motion for change of venue, and (6) affidavit of service by mail. All the foregoing papers were filed on December 18. The notice of motion for change of venue fixed the time for the hearing of the same for January 3, 1949. The affidavit of service by mail set forth that copies of all the papers had been placed in an envelope addressed to plaintiffs' attorneys and deposited with postage fully prepaid in the United States mail at Ventura. Copies of the documents that had been served by mail were personally served on plaintiffs' attorneys on December 29, and affidavit of personal service was filed on the same day.

The motions for change of venue came on for hearing on the day fixed in the notices. The motions were based on the notices of motion and affidavits on file which recited that defendants were residents of Ventura County. The motions were resisted by counsel for plaintiffs. The grounds of the resistance do not appear in the record. No evidence, oral or documentary, was introduced by plaintiffs in support of their opposition, and the motions were submitted on the evidence contained in defendants' affidavits. Thereafter the court denied the motions.

Plaintiffs contend that the order must be affirmed for the reason that defendants failed to comply with sections 396b, 1013 and 1013a of the Code of Civil Procedure. The applicable portions of those sections are as follows: Section 396b provides that an action may "be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk, . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, *together with proof of service,* upon the adverse party, of a copy of such papers." Section 1013 provides: "In case of service by mail, the notice or other paper must be deposited in the *United States postoffice,* in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, . . . The service is complete at the time of the deposit, . . ." Section 1013a provides that "Proof of service by mail may be made by affidavit . . . showing the date and place of deposit in the mail . . . and also showing that the envelope was sealed and deposited *in the mail* with the postage thereon fully prepaid, . . ." (Emphasis added in the foregoing quotations.)

The chain of plaintiff's argument that proof of service is defective is that: (1) section 396b requires the filing of the papers therein mentioned "together with proof of service," (2) under section 1013 the deposit of the papers must be "in the United States *postoffice*"; (3) section 1013a requires that proof of service by mail shall show that the papers were "deposited in the *mail*"; (4) defendants' affidavits of service by mail follow the language of section 1013a and recite that the papers were "deposited in the mail" instead of saying, in the phraseology of section 1013, that they were "deposited in the United States postoffice"; (5) by reason of the failure to use the words of section 1013a in the affidavit of mailing, the "proof of service" required by section 396b is defective

and the court therefore did not acquire jurisdiction to hear the motion.

██ It is the fact that service was made, rather than the proof of service, that vests the court with jurisdiction to act. (*Morrissey* v. *Gray,* 160 Cal. 390, 395 [117 P. 438] ; *Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99] ; *Lindley* v. *Lindley,* 49 Cal.App. 631, 633 [194 P. 85].) The jurisdiction of the court does not depend upon the preservation of the proof of service but upon the fact that service has been made. (*Sichler* v. *Look,* 93 Cal. 600, 608 [29 P. 220] ; *In re Newman,* 75 Cal. 213, 220 [16 P. 887, 7 Am.St.Rep. 146].) ██ Since the affidavit recites that the papers were "deposited in the mail" in Ventura, addressed to plaintiffs' attorneys at their offices in Santa Barbara, it will be presumed that they were received by the addressees in the regular course of mail. (Code Civ. Proc., § 1963, subd. 24; *First National Bank* v. *Coast Cons. Oil Co.,* 84 Cal.App.2d 250, 254 [190 P.2d 214].) Such assumption has not been denied by plaintiffs or their attorneys; in fact, it was confirmed during the oral argument when, in response to a question, plaintiffs' counsel conceded that all the papers above mentioned were received in his office on the day following the date of mailing in Ventura. ██ Since the papers were deposited in the mail in Ventura and received by plaintiffs' attorneys in due course of mail the presumption is that they passed through the post office at Ventura whether they were deposited in the post office itself, in a letter box on the street, or in a mail chute in an office building, or were delivered to a letter carrier.

Plaintiffs' strained technical objection that the affidavit of service is so defective as to deprive the court of jurisdiction to hear the motion, because it recited that the papers were deposited in the mail rather than in the post office, is just too tenuous and unsubstantial to appeal to this court. All documents required by law to support the motion for a change of venue to the proper county were placed in the United States mail, they were timely received by plaintiffs' attorneys, and for aught that appears in the record they were deposited in the post office. There is no evidence to the contrary. The record does not show that the objection urged in this court was made in the court below. Had the objection been there made defendants would have had an opportunity to apply for leave to file an amended affidavit of service.

██ The court had jurisdiction to act and it was error to deny the motions. Defendants' affidavits of merits and of their

residence in Ventura County were not denied in any particular. It was therefore their right, "an ancient and valuable right," to have the cases tried in that county. (*Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579, 584 [127 P.2d 924, 141 A.L.R. 1173] ; *Goossen* v. *Clifton*, 75 Cal.App.2d 44, 47 [170 P.2d 104].)

Furthermore, if there had ever been any validity in plaintiffs' contention that the proof of service is insufficient by reason of the use of the term "mail" instead of "post-office," the objection has been waived. Plaintiffs did not appear specially to object to the service or the proof of service but made a general appearance and resisted the motion. The record does not indicate that their counsel questioned either the service or the proof of service. The settled statement in each case on which the appeal comes to this court recites : "The said motion was resisted by Edw. W. Schramm, Esq., of the firm of Robertson, Schramm, Raddue & Parma. That no evidence, either oral or documentary, was introduced by plaintiff in support of his opposition to said motion." Since it does not appear that plaintiffs resisted the motions on the ground that proof of service was defective they waived the right to contest the jurisdiction of the court to hear the motion. (*Lacey* v. *Bertone*, 33 Cal.2d 649, 652 [203 P.2d 755, 757] and cases cited.) In that case the statutory service of an order to show cause why an injunction should not issue was not made, but it was held that the party enjoined waived the lack of proper and timely service by making a general appearance.

The order denying the motion for change of venue in each case is reversed with direction to grant the motion.

Moore, P. J., and McComb, J., concurred.