[Civ. No. 51016. Second Dist., Div. Three. Feb. 21, 1978.]

DOUGLAS MELVIN CALL, Plaintiff and Appellant, v.
LOS ANGELES COUNTY GENERAL HOSPITAL-USC MEDICAL
CENTER et al., Defendants and Respondents.

**COUNSEL**

Sherwin C. Edelberg for Plaintiff and Appellant.

Home & Clifford, Raymond R. Moore, Ellis J. Horvitz and Marc J. Poster for Defendants and Respondents.

## OPINION

**ALLPORT, Acting P. J.**—On August 11, 1976, a demurrer to the third amended complaint for damages for medical malpractice was sustained without leave to amend and on the same date a written order of dismissal was filed as provided in Code of Civil Procedure section 581, subdivision 3. The demurrer was sustained on the ground plaintiff failed to file a claim relating to his cause of action within the 100 days after the accrual of his cause of action mandated by Government Code section 911.2. Notice of ruling that the "demurrer . . . was . . . sustained without leave to amend" was served by defense counsel on plaintiff's attorney by mail on August 12 and filed August 13, 1976. Notice of filing of order of dismissal was mailed by the clerk to both counsel on August 18, 1976, pursuant to Code of Civil Procedure section 664.5.

On August 17, 1976, plaintiff filed a motion to reconsider the ruling on demurrer which motion was denied August 31, 1976. No review of that ruling was sought by way of appeal. On September 17, 1976, plaintiff filed a motion to vacate and set aside the order of dismissal which motion was denied October 8, 1976. On October 14, 1976, plaintiff filed a notice of appeal purporting to appeal "from the Order entered herein on October 8, 1976."

### Discussion

■ Apparently concerned with whether an appeal has actually been perfected in this case, plaintiff argues that the order of October 8 is expressly made appealable by Code of Civil Procedure section 663a. We do not agree. Section 663a authorizes an appeal from an order *granting* a motion to set aside a judgment and enter a new judgment *made pursuant to section 663*[1] as a special order made after judgment. Such is not the situation in the case at bench. The motion giving rise to the order in question was one to vacate and set aside the order of dismissal and was made upon grounds of mistake, inadvertance, surprise and excusable

---

[1]Section 663 provides:

"A judgment or decree, when based upon findings of fact made by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of such party and entitling him to a different judgment:

"1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected.

"2. A judgment or decree not consistent with or not supported by the special verdict."

neglect presumably under Code of Civil Procedure section 473 and not a motion made under section 663. Furthermore the order was one denying, not granting, the motion.

■ In the instant case plaintiff now seeks to have this court reconsider the merits of the ruling on the demurrer as though the appeal were stated to be from the order of dismissal. In so doing he has not misled defendant whose brief, although contending the appeal should be dismissed, strongly argues in support of the ruling on the demurrer. (Cf. *Holden* v. *California Emp. etc. Com.,* 101 Cal.App.2d 427, 431 [225 P.2d 634].) Rule 1 (a), California Rules of Court, provides that the "notice of appeal shall be liberally construed in favor of its sufficiency," and "courts have often upheld mistakenly stated appeals." (*Channell* v. *Anthony,* 58 Cal.App.3d 290, 302 [129 Cal.Rptr. 704].) Being mindful of the policy of the law that cases be tried on their merits (*Manning* v. *Wymer,* 273 Cal.App.2d 519, 528 [78 Cal.Rptr. 600]), we shall deem the appeal in the instant case to be from the order of dismissal filed August 11, 1976.

■ Defendant contends that plaintiff could not have appealed from the order of dismissal since his notice of appeal was not filed until 63 days after defendant notified plaintiff of the court's ruling citing rule 2(a), California Rules of Court. Defendant misreads the rule. Rule 2(a) provides in pertinent part: "Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, . . ." Defendant's notice of ruling merely advised plaintiff that the demurrer had been sustained without leave to amend and was not a "written notice of entry of judgment" that would start the 60-day period running contemplated by rule 2(a). Such period did not begin until August 18, 1976, the date of mailing by the clerk of the notice of filing of order of dismissal. *Waddingham* v. *Tubbs,* 95 Cal. 249 [30 P. 527], and *Bank of America etc. Assn.* v. *Superior Court,* 115 Cal.App. 454 [1 P.2d 1081], relied upon by defendant in support of the sufficiency of its notice are not controlling since both were decided prior to the September 16, 1965, amendment of rule 2(a) adding the requirement of giving *notice of entry of judgment.*

■ Turning to the merits of the case the minute order of August 11, 1976, reflects the reason for sustaining the demurrer to be "[p]laintiff

failed to file claim within 100 days Government Code Section 911.2. From March 2, 1974 to June 10, 1974 is 100 days under the application of CCP Section 12. Exhibit A shows service on June 11, 1974." The minute order of October 8, 1976, denying plaintiff's motion to vacate and set aside order of dismissal reasoned that "[n]on-compliance with CCP 1013 (a) precludes the application of Government Code Section 915.2." In so ruling we believe the trial court misinterpreted the law and we therefore must reverse.

Government Code section 911.2 provides as follows: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

Section 915.2 provides: "If a claim, amendment to a claim or application to a public entity for leave to present a late claim is presented or sent by mail under this chapter, or if any notice under this chapter is given by mail, the claim, amendment, application or notice shall be mailed in the manner prescribed in this section. The claim, amendment, application or notice must be deposited in the United States post office, or a mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid. The claim, amendment, application or notice shall be deemed to have been presented and received at the time of the deposit. Proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure."

Paraphrased in the simplest of terms the two sections provide a claim must be presented or mailed within 100 days after accrual and if mailed is deemed to have been received at the date of mailing, which date may be proven as provided in Code of Civil Procedure section 1013a. Turning to plaintiff's third amended complaint, it is noted that plaintiff alleges he first discovered on March 2, 1974, that he sustained injuries resulting from negligent medical treatment by defendants and that a claim was duly mailed by certified mail, return receipt requested, to the County of Los Angeles on June 10, 1974, and received on June 11, 1974, by the executive officer of the board of supervisors, by T. Potter. The receipt for

certified mail with post office stamp thereon dated June 10, 1974, established that mail had been delivered to the post office on that date addressed to "Executive Officer Board of Supervisors, L.A. Co. RM. 383, Hall of Administration 500 West Temple St. Los Angeles, Calif. 90012" together with a fee of 30 cents plus postage. Whether or when the claim was deposited in the mail is a question of fact (cf. *Miller* v. *Cortese,* 136 Cal.App.2d 47, 48 [288 P.2d 297]) and the return receipt is better evidence of the fact than the proof of mailing by the permissive method of affidavit or certification.

The situation is not unlike that in *Otsuka* v. *Balangue,* 92 Cal.App.2d 788 [208 P.2d 65], involving a defective proof of service wherein the court stated at page 791: "It is the fact that service was made, rather than the proof of service, that vests the court with jurisdiction to act. (*Morrissey* v. *Gray,* 160 Cal. 390, 395 [117 P. 438]; *Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99]; *Lindley* v. *Lindley,* 49 Cal.App. 631, 633 [194 P. 85].) The jurisdiction of the court does not depend upon the preservation of the proof of service but upon the fact that service has been made. (*Sichler* v. *Look,* 93 Cal. 600, 608 [29 P. 220]; *In re Newman,* 75 Cal. 213, 220 [16 P. 887, 7 Am.St.Rep. 146].)"

The order of dismissal is reversed.

Potter, J., and Fainer, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.