Filed 12/18/13  Springfield v. Metropolitan Trans. System CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHELBY R. SPRINGFIELD, Plaintiff and Appellant, v. METROPOLITAN TRANSIT SYSTEM et al., Defendants and Respondents. | D061559 (Super. Ct. No. 37-2010-00092437-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Luis R. Vargas, Judge.  Dismissed.

Shelby R. Springfield, in pro. per., for Plaintiff and Appellant.

Liebman, Quigley & Sheppard and John G. Madsen for Defendants and Respondents.

Appellant Shelby R. Springfield appeals from a judgment entered in favor of respondent Metropolitan Transit System (MTS) in an action Springfield filed against MTS for "premises liability:  general negligence, assault and battery, willful misconduct,

intentional and negligent infliction of emotional distress."  The trial court sustained MTS's demurrer to Springfield's complaint without leave to amend and subsequently entered judgment in favor of MTS.  MTS contends that Springfield's appeal is untimely and must be dismissed.

California Rules of Court, rule 8.104[1] provides for the time to appeal from a judgment or appealable order.  The rule provides, in relevant part:

"(a) Normal time

"Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:

"(1)

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment.

"[¶] . . . [¶]

"(b) No extension of time; late notice of appeal

"Except as provided in rule 8.66, no court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal."  (Rule 8.104.)

---

[1]     All subsequent rule references are to the California Rules of Court.

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."  (*Van Beurden Ins. Servs. v. Customized Worldwide Weather Ins. Agency* (1997) 15 Cal.4th 51, 56; see also *In re Jordan* (1992) 4 Cal.4th 116, 121 ["Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal"].)  The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all.  (*In re Chavez* (2003) 30 Cal.4th 643, 650.)

The trial court entered judgment in favor of MTS on September 27, 2011.  Springfield filed a notice of appeal on February 17, 2012, which was 128 days after entry of judgment.

In support of its argument that Springfield's appeal was untimely filed, MTS cites to a copy of a document entitled "Notice of Entry of Judgment."  The "Notice of Entry of Judgment" is accompanied by a proof of service dated October 12, 2011, signed by "E. Gonzales," that indicates that the document was served by mail on Springfield at the address of the institution where he is incarcerated, on that date.[2]  Attached to the "Notice of Entry of Judgment" is a file-stamped copy of the judgment entered in favor of MTS.

A sworn affidavit of service recites the name of the person and the address to which the envelope containing the "Notice of Entry of Judgment" was directed, as well as

[2]    MTS's request to augment the record with these documents was granted on May 28, 2013.

3

the time and place at which it was deposited in the mail with the necessary postage. It is clear that an affidavit may be used to prove service. (Code Civ. Proc., § 2009.) In light of the presumption of Evidence Code section 641, this affidavit is sufficient to satisfy the court that all acts necessary to effect service were performed in a timely fashion and that actual delivery would occur "in the ordinary course of mail." (See *Goodson v. The Bogerts, Inc*. (1967) 252 Cal.App.2d 32, 39; *Otsuka v. Balangue* (1949) 92 Cal.App.2d 788, 791.)

In response to MTS's argument regarding the tardiness of this appeal, Springfield filed a motion to augment the record (or, in the alternative, requesting that this court take evidence and/or judicial notice) on September 24, 2013. Springfield's motion includes two attached documents: (1) an entry log that he identifies as "[t]he CDCR Form 119 Legal Mail Log from Correctional Training Facility for Appellant"; and (2) a copy of the "Memorandum of Costs w/proof of service received from Respondents' Counsel October 17, 2011."[3] Based on Springfield's motion, we gather that Springfield is attempting to demonstrate, based on these documents, that he never received a copy of MTS's "Notice of Entry of Judgment," but, instead, received only a copy of the "Memorandum of Costs."

As an initial matter, we consider whether to grant Springfield's unopposed request to augment the record with these materials, and/or to take judicial notice or accept additional evidence. We grant the request to augment the record with respect to the

---

[3] On October 24, 2013, this court determined that Springfield's motion would be considered with his appeal.

document that Springfield identifies as a "Memorandum of Costs."  With respect to the document Springfield identifies as a "Legal Mail Log" from the correctional facility where he is housed, we exercise our discretion pursuant to rule 8.252, subdivision (c), to admit Springfield's proffered documentary evidence.[4]

We next consider whether these documents alter our conclusion regarding the timeliness of Springfield's appeal.  They do not.  Even assuming that the "Legal Mail Log" could be authenticated and that it is what it purports to be (i.e., a copy of the "mail log" evidencing the mail that Springfield received while incarcerated between June 13, 2011 and August 5, 2013), neither this document nor the copy of the "Memorandum of Costs" that Springfield has submitted sufficiently rebuts the presumption of effectuated service that the proof of service attached to the "Notice of Entry of Judgment" submitted by MTS creates.  The mail log demonstrates that Springfield received a package from the law firm representing MTS on October 17, 2011, five days after the October 12, 2011 date that is reflected on the "Notice of Entry of Judgment" proof of service document.  Although Springfield claims in briefing that the only document that he received on October 17, 2011 is the "Memorandum of Costs," the evidence he has presented does not

---

[4]     Rule 8.252, subdivision (c) provides in relevant part:

> " (1) A party may move that the reviewing court take evidence.
>
> "[¶] . . . [¶]
>
> "(3) For documentary evidence, a party may offer the original, a certified copy, or a photocopy.  The court may admit the document in evidence without a hearing."

establish that the single package Springfield received on that date did not include multiple documents.  The documents that Springfield presents thus cannot overcome the presumption of effectuated service created by MTS's presentation of proof of service of its "Notice of Entry of Judgment."

In sum, the document entitled "Notice of Entry of Judgment" accompanied by a proof of service dated October 12, 2011, signed by "E. Gonzales," constitutes written notice of entry of judgment sufficient to trigger the 60-day period of rule 8.104, subdivision (a)(1)(B).  The notice of appeal, filed in February 2012, was therefore untimely.

The appeal from the judgment entered in favor of MTS is dismissed.

_____
AARON, J.

WE CONCUR:


_____
BENKE, Acting P. J.


_____
IRION, J.

6